**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**Emmett B. SMITH, Respondent.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Rehearing Denied May 4, 1973.

Leslie G. Whitmer, and Henry H. Harned, Director, Kentucky Bar Assn., Frankfort, for complainant.

Emmett B. Smith, pro se.

PER CURIAM.

In accordance with the procedure set forth in RCA 3.370 the Board of Governors of the Kentucky Bar Association has found the respondent, a member of the bar, guilty of unprofessional conduct. As shown by his own affidavit filed during the course of the proceeding, the conduct in question consisted of his purporting to represent in the Louisville Police Court, at the behest of a professional bondsman, a person whom he did not represent.

In defense, the respondent argues that this is a common occurrence in the Louisville Police Court, that when a bondsman's "client" fails to appear it is customary for the bondsman to have a lawyer enter a guilty plea and pay a fine for the missing defendant as a means of avoiding bail forfeiture. In this instance, however, instead of assessing a fine the police court imposed a 10-day jail sentence. When the defendant was later apprehended she protested to the court that she had not engaged the respondent's services and he had not been authorized to appear for her. At this juncture a different judge was presiding, and upon ascertaining the facts he suspended the respondent from practice in the Louisville Police Court for 30 days.

Regardless of whether, as the respondent says, this practice was understood, accepted and condoned by the regular judge of the Louisville Police Court, even the greenest lawyer must know that it is unethical. If it has been countenanced it must be stopped. Though it is regrettable that the respondent finds himself the sacrificial goat while others equally at fault have gone unscathed, it cannot be a defense.

It is the judgment and order of this court that the respondent be and he is hereby suspended from the practice of law in this Commonwealth for a period of 60 days and that he pay all costs of the disciplinary proceeding.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.