453 So.2d 1023 (1984)
A MISSISSIPPI ATTORNEY, Respondent/Appellant,
v.
MISSISSIPPI STATE BAR, Complainant/Appellee.
Conf. Misc. No. 63.
Supreme Court of Mississippi.
July 18, 1984.
*1024 Fred L. Banks, Banks & Nichols, John L. Walker, Walker & Walker, Jackson, for respondent/appellant.
Andrew J. Kilpatrick, Jr., Jackson, for complainant/appellee.
EN BANC.
SULLIVAN, Justice, for the Court:
This is an appeal from a decision of a Mississippi State Bar Complaint Tribunal suspending a Mississippi attorney from the practice of law for 45 days. A complaint was lodged with the Mississippi State Bar against the Mississippi attorney alleging misconduct inside and outside the courtroom of a justice court judge. After investigation, investigatory hearing and further investigation, complaint counsel submitted his finding to the complaints committee. The complaints committee determined that there was a reasonable cause to believe that the Mississippi attorney was guilty of the alleged conduct and that if proven such conduct would warrant disbarment or suspension. The committee authorized complaint counsel to file a formal complaint which the Mississippi attorney answered by denying. A duly designated Complaint Tribunal held a formal hearing after which the Complaint Tribunal declared that the allegations against the Mississippi attorney were supported by clear and convincing evidence and the Mississippi attorney was suspended from the practice for 45 days. He perfects this appeal and assigns as error the following:
(1) The findings of the Complaint Tribunal were not supported by clear and convincing evidence;
(2) Sufficient weight was not given to the fact that the justice court judge did not find the Mississippi attorney in contempt of court;
(3) That it was error not to dismiss the complaint because of violations of his procedural rights; and
(4) That the 45 days suspension was excessive.

I.

WAS THE EVIDENCE OF MISCONDUCT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE?
The attorney is charged with violations of rules 1-102(A)(5), 1-102(A)(6), 7-106(C)(6), and 9-101(C).
DR 1-102(A)(5) and 1-102(A)(6) read as follows:
(A) A lawyer shall not:
* * * * * *
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
DR 7-106(C)(6) states that:

*1025 (C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
* * * * * *
(6) Engage in undignified or discourteous conduct which is degrading to a tribunal.
DR 9-101(C) provides that:
(C) A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official.
The evidence indicates that the Mississippi attorney both outside and inside the courtroom of the justice court judge engaged in a verbal confrontation with the complainant in this cause, who was the opposing party in the litigation before the justice court. That verbal confrontation involved the use of profane language both by the complainant and the Mississippi attorney. When his conduct was repeated inside the courtroom the record reflects that the trial judge threatened the Mississippi attorney with contempt of court, though he was never held in contempt. Outside the courtroom, but in the presence of opposing counsel and the justice court judge, the Mississippi attorney stated that the judge would not have held him in contempt since he helped to get him elected. The record reflects that the justice court judge involved testified on behalf of the Mississippi attorney and that the judge is retired and elderly and could not remember anything about the incident due to extensive cancer treatments.
Based on this record, we find that the Complaints Tribunal properly applied in its opinion the "clear and convincing" standard as directed by this Court. Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss. 1981). Further, we are of the opinion that the conduct, clearly and convincingly shown by the evidence, is a violation of the Disciplinary Rules cited above.
The argument presented by the appellant is that the evidence presented by the Bar does not rise to the level of clear and convincing because the testimony of the witnesses against him was both confusing and inconsistent. There are differences in the testimony of the witnesses but they are slight, particularly when viewed through the spectrum of the three years that have passed from the time of this incident. We find no merit to appellant's first assignment of error.

II.

WAS SUFFICIENT WEIGHT GIVEN TO THE FACT THAT THE TRIAL JUDGE DID NOT FIND THE MISSISSIPPI ATTORNEY IN CONTEMPT OF COURT?
This Court has never held that a trial judge's testimony concerning his actions in the presence of misconduct is to be given greater weight than the testimony of other witnesses.
In Re Dore, 165 Wash. 225, 4 P.2d 1107 (1931) is cited by the appellant for the proposition that the judge's refusal to cite the lawyer for contempt is conclusive evidence that no misconduct occurred. That appears to be the position taken by the state of Washington and it is contrasted with the position of the state of Kentucky as set forth in Kentucky State Bar Ass'n v. Smith, 503 S.W.2d 482 (Appeals Court of Ky. 1973), which holds that although unethical conduct may be condoned by the judge of the police court of condemnation it can be no defense to a disciplinary proceeding.
We adopt as the rule in this state that the action of a trial judge in the presence of misconduct shall be considered along with all other evidence by this Court, but shall not of itself be conclusive upon this Court.
There is no merit to the appellant's second assignment of error.

III.

WERE THE PROCEDURAL DUE PROCESS RIGHTS OF THE MISSISSIPPI ATTORNEY VIOLATED WHEN THE COMPLAINTS COUNSEL CONTINUED HIS INVESTIGATION AFTER THE INVESTIGATORY HEARING *1026 HAD PURSUANT TO MISSISSIPPI CODE ANNOTATED § 73-3-317 (1972) (Supp. 1983) AND USED EVIDENCE AGAINST THE MISSISSIPPI ATTORNEY DISCOVERED SUBSEQUENT TO THE HEARING TO WHICH THE MISSISSIPPI ATTORNEY HAD NO KNOWLEDGE IN COUNSEL'S REPORT TO COMPLAINTS COMMITTEE?
Investigative hearings and complaints counsel reports are governed by Mississippi Code Annotated § 73-3-317 and Mississippi Code Annotated § 73-3-319 (Supp. 1983).
Section 73-3-317 states:
§ 73-3-317. Complaint counsel  investigatory hearings  report of testimony and findings  response by accused attorney.
Complaint counsel will cause the testimony of any witnesses at an investigatory hearing to be taken and transcribed and shall certify the same to the committee on complaints, along with his written findings, within thirty (30) days from and after the date on which the complaint was received by him, except that, for good cause shown, upon application to the chairman of said committee, complaint counsel may be granted a total of not more than thirty (30) additional days in which to make said certification. A copy of complaint counsel's report shall be sent to the accused attorney by certified mail, and the accused attorney shall have ten (10) days after the receipt by him of complaint counsel's report to file a written response thereto with the committee on complaints. Upon application to the chairman of the said committee, the accused attorney may be granted such additional time as circumstances warrant.
Further, section 73-3-319 provides that:
§ 73-3-319. Committee on complaints; action to be taken upon receipt of complaint counsel's report.
Within thirty (30) days of its receipt of complaint counsel's report, the committee on complaints shall take the following action:
(a) If upon review of the record, complaint counsel's report and any written response by the accused attorney, the committee determines that there is not reasonable ground to believe that the accused attorney has been guilty of unprofessional conduct or conduct evincing unfitness for the practice of law, the committee may either re-refer the matter to complaint counsel for further investigation or may dismiss the complaint and retire the file. In the latter event, the person filing the complaint, the accused attorney and the executive director of the Mississippi State Bar shall be given written notice of the committee's determination.
(b) If upon review of the record, complaint counsel's report and any written response by the accused attorney, the committee determines that there is reasonable ground to believe that the accused attorney has been guilty of unprofessional conduct or conduct evincing unfitness for the practice of law, and is of the further opinion that a reprimand of the accused attorney is all that justice requires and will adequately afford the disciplinary sanctions required by the particular circumstances, the committee may administer a private reprimand, or it may, in its discretion, make public the fact of the reprimand by having the same delivered in open court by the chancery or circuit court of the county of the accused attorney. However, such action shall not be taken except upon proper notice and hearing, such notice and hearing to be upon the same formal requirements and assuring to the accused attorney the same rights and privileges as provided in section 73-3-321 et seq. for hearings upon complaints which, if proven, would warrant suspension or disbarment. Further, any decision of the complaint tribunal to issue a reprimand shall be appealable in the same manner and to the same extent as provided in section 73-3-329. The committee, in its discretion, may require the accused attorney to appear before it for delivery of the reprimand *1027 or may forward it to him by registered mail. In any event, written notice of the delivery of such reprimand shall be given to the person filing the complaint, the clerk of the court, the executive director of the Mississippi State Bar, and to the judges of the circuit and chancery court districts of the accused attorney.
(c) If the committee determines there is reasonable cause to believe the accused attorney is guilty of such conduct, which, if proven, would warrant suspension for a definite or an indefinite period or permanent disbarment, the committee shall direct complaint counsel in writing to prepare and file a formal complaint against the accused attorney. Complaint counsel shall prosecute the case to conclusion, unless the president of the Mississippi State Bar, in his sole discretion, shall appoint one or more active members of the state bar to either assist complaint counsel or to serve independently as trial attorney or attorneys in the prosecution of the proceeding to conclusion.
A motion hearing was had to dismiss the complaint on the basis that complaints counsel used evidence discovered after the investigatory hearing without giving the Mississippi attorney an opportunity to respond to the evidence in his report to the complaints committee. There was also a motion to strike. These motions were never ruled upon.
It is stipulated that at the investigatory hearing neither the complainant nor any of her witnesses appeared. Affidavits of the Mississippi attorney and his witnesses and the trial judge had been submitted prior to the hearing. No evidence was offered on behalf of the complainant at the hearing. Given an opportunity to make a statement at the investigatory hearing, the Mississippi attorney refused, reserving the right to do so in the event the complainant responded.
After the investigatory hearing, complaints counsel sought affidavits and they were submitted to him against the Mississippi attorney. The Mississippi attorney was not notified of the phone call of complaints counsel nor was he notified of the affidavits.
Thereafter, complaints counsel submitted his report to the complaints committee pursuant to § 73-3-317 and § 73-3-319 in order that they may consider (1) whether to reprimand the Mississippi Attorney publicly or privately or (2) whether to suggest to complaints counsel that sufficient evidence existed for a formal complaint asking for suspension or disbarment.
The gist of appellant's argument is that the formal charges brought against him were brought on the basis of evidence to which he was not given an opportunity to respond violating his due process notice rights. He argued at the motion hearing that the procedure used against him violated the rules established by Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss. 1981).
The Complaints Tribunal ruled on the motion that there was no violation of the statutes by continuing investigation after the investigatory hearing. They further ruled that even though the attorney was not notified of the subsequent investigation when it occurred, he received sufficient notice upon receipt of complaint counsel's report that further investigation had been conducted. They further found that the attorney had sufficient time to respond to the complaint counsel report between the time he received his copy and the time formal complaint was filed against him by the Bar, and that the attorney chose not to respond although he had every right to do so.
The Tribunal distinguished Netterville, saying that here no final action was taken by the complaints committee on the basis of evidence cited in complaint counsel's report. Instead the committee merely recommended further action. They also found Netterville not to be applicable in any way since it applied only to future disciplinary proceedings and was not retroactive in nature.
*1028 While the statute, § 73-3-317 does not preclude continued investigation after the investigatory hearing, the Court in Netterville held:
Where suspension or disbarment is not involved, on the basis of the report made up by complaints counsel as stated above, the complaints committee, if it has "cause to believe" that the accused attorney is guilty, shall find him guilty, and order his punishment, in this case, a private reprimand. We think that the requirements of due process, as well as traditional Anglo-American notions of fair play and substantial justice, are violated by this one-sided procedure. Fairness demands that an accused attorney be given the names and addresses of any witnesses whose testimony complaints counsel intends to take, together with a statement of the time and place where such testimony is to be taken, and be given the right to attend and cross-examine. The accused attorney must also have the right to take the testimony of witnesses of his own, in the same manner, their transcribed testimony also to become a part of the report.
Id. at 884.
However, the attorney was given notice of the subsequently obtained affidavits and was afforded a full opportunity to respond. He chose not to do so. Under these circumstances there is no violation of the attorney's procedural due process rights.
We therefore find there is no merit to the third assignment of error.

IV.

WAS THE 45-DAY SUSPENSION EXCESSIVE PUNISHMENT FOR THE MISSISSIPPI ATTORNEY'S MISCONDUCT?
It is conceded by the Bar that it has no standard as to what punishment for particular misconduct ought to be and that cases are considered on a case-by-case basis. That is as it should be and we seek to impose no standard here.
We held in Mississippi State Bar v. Phillips, 385 So.2d 943 (Miss. 1980), that on appeal this Court reviews the evidence, the law, the findings and conclusions of the Complaint Tribunal, and then renders such order as the Court may find to be appropriate, based upon the entire record.
We find that the 45-day suspension is not appropriate based upon the entire record for the misconduct of which this Mississippi attorney is guilty. The punishment is totally disproportionate to the violation. We, therefore, vacate the 45-day suspension and order that the Mississippi attorney receive a private reprimand.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, and ROBERTSON, JJ., concur.
PRATHER, J., not participating.