662 So.2d 586 (1995)
Stella L. TERRELL
v.
The MISSISSIPPI BAR.
No. 93-BA-00838-SCT.
Supreme Court of Mississippi.
October 5, 1995.
*588 Stella L. Terrell, pro se, Yazoo City, for Appellant.
J. David Wynne, Michael B. Martz, Jackson, for Appellee.
En Banc.
SULLIVAN, Justice, for the Court:
This is an appeal taken by Ms. Stella Terrell of an Opinion and Judgment, entered on June 24, 1993, of a Mississippi Bar Complaint Tribunal. The Tribunal found Terrell had violated Mississippi Rules of Professional Conduct 1.3, 1.4, and 8.4(a & d). The Judgment imposed a six (6) month suspension, to run concurrently with a one (1) year suspension imposed in another matter, ordered Terrell to make restitution in the amount of fifteen hundred ($1,500.00) dollars, and ordered Terrell to successfully take the Professional Responsibility Section of the Mississippi Bar Examination prior to her reinstatement.

FACTS
In August of 1991, Mr. Greg Coleman was convicted of certain felonies in the Circuit Court of Humphreys County, Mississippi. Terrell was not Coleman's attorney for those proceedings. Subsequent to Coleman's convictions, but within time to appeal to this Court, Coleman contacted Terrell to request her representation for an appeal.
Terrell agreed to the representation and was paid a total of fifteen hundred ($1,500.00) dollars by Coleman's mother, Ms. Vircine Young, on August 30, 1991 and September 6, 1991. Coleman attempted to contact Terrell on several occasions after his initial conversation with her at the end of August. He received one letter on October 28, 1991, which stated that Terrell would try to visit him in Parchman, but that visit did not come to fruition until February, 1992.
Terrell filed a Notice of Appeal with this Court on behalf of Coleman, but failed to further prosecute the appeal by not paying the requisite appeal costs. Terrell received notice of these deficiencies from this Court on October 7, 1991; however, Terrell failed to cure these deficiencies and the appeal was dismissed on November 2, 1991.
Coleman did not learn of the dismissal from Terrell, but from a letter by this Court in November of 1991. Coleman tried to contact Terrell to be apprised of the reason his appeal had been dismissed, but Terrell failed to respond. Coleman eventually learned the reason why his appeal was dismissed from a fellow inmate in Parchman. Coleman, with the help of a writ writer in Parchman, again attempted through letters to contact Terrell, but received no correspondence from her. Coleman caught a fleeting glimpse of Terrell in Parchman in the beginning of February of 1992, but she told him she could not see him. Finally, Terrell visited Coleman later in the month of February 1992  this was three months after Coleman's appeal had been dismissed.
With the help of a writ writer, Coleman filed pro se with this Court, a motion to reinstate his appeal. His appeal was granted by this Court. In addition to granting Coleman's appeal, this Court asked the Circuit Court of Humphreys County to hold a hearing on the status of Coleman's representation on appeal. The Humphreys County court appointed an attorney on May 12, 1992 to prosecute the appeal for Coleman and ordered Terrell to pay fifteen hundred ($1,500.00) dollars into the registry of that court within ten (10) days. Terrell did not pay the money. She instead attempted to discharge in bankruptcy.
Based on a complaint filed by Coleman, the Committee on Professional Responsibility of the Bar directed that a Formal Complaint be filed against Terrell on November 6, 1992, and on November 30, 1992, an Order was sent to Terrell setting the date for trial on April 13, 1993. On January 22, 1992, Terrell filed a Motion to Dismiss, or In the Alternative to Stay. That motion was denied on January 28, 1993.
On February 9, 1993, Terrell filed her answer to the formal complaint which stated that Coleman had neglected to pay the costs of appeal; however, Terrell did accept responsibility *589 for not having filed a motion to extend the time of the appeal. On April 13, 1993, the trial was heard before a Tribunal which found Terrell had violated Mississippi Rules of Ethics 1.3, 1.4, and 8.4(a & d). Terrell aggrieved of the Tribunal's ruling appeals to this Court. The Mississippi Bar cross-appeals, arguing that the discipline imposed by the Tribunal was too lenient.

Standard of Review
In considering this appeal, this Court examines the evidence de novo, by reviewing the record and findings and conclusions of the Tribunal, and renders such orders as it deems appropriate. Mississippi Rules of Discipline for the State Bar 9.4; Mathes v. Mississippi Bar, 637 So.2d 840, 846 (Miss. 1994); Mississippi State Bar v. Odom, 566 So.2d 712, 714 (Miss. 1990); Mississippi State Bar v. Nichols, 562 So.2d 1285, 1287 (Miss. 1990); Mississippi State Bar v. Varnado, 557 So.2d 558, 559 (Miss. 1990); Levi v. Mississippi State Bar, 436 So.2d 781, 782 (Miss. 1983). While this Court accords deference to the findings of the Tribunal, this Court has the non-delegable duty of ultimately satisfying itself as to the facts, and reaching such conclusions and making such judgments as it considers appropriate and just. Mississippi State Bar v. Strickland, 492 So.2d 567, 571 (Miss. 1986).

I.

THE BAR'S COMPLAINT WAS SUBJECT TO DISMISSAL
Terrell argues that the instant case should have been dismissed because there was another bar complaint pending against her. There were two grievances, Docket No. 91-304-2, which became the present case, and Docket No. 91-490-2, Coleman's second bar complaint, filed as a result of Terrell's failure to pay into the registry of the Circuit Court of Humphreys County the fifteen hundred ($1,500.00) dollars as directed by the Order of that court. Terrell complains that due process and the Rules of Discipline do not allow the bar to bifurcate known issues arising out of the same occurrences into separate complaints because it would subject an attorney to multiple discipline for the same alleged violations.
The second charge filed by Coleman was disposed of by the imposition of an informal admonition on Terrell without the filing of a Formal Complaint, and this second charge was taken care of more than one (1) year after the order in the present cause was entered. As to this first assignment of error, Terrell has failed to establish that there were two Formal Complaints involving the same facts and issues imposed against her, because only one Formal Complaint was ever filed. Therefore, this issue is without merit.

II.

THE TRIBUNAL WAS IN ERROR IN NOT GRANTING A CONTINUANCE
Terrell complains that several important and crucial defenses were argued on the trial day which would warrant a continuance. When she argued at the trial for a continuance, she cited lack of notice, among other issues. However, at trial it was established that on November 20, 1992, the trial date of April 13, 1993 was set, and on December 1, 1992, the Bar submitted a signed and clerk-stamped copy of the order to Terrell. Also, Terrell filed a Motion to Dismiss or In the Alternative to Stay on January 22, 1992, establishing the fact that she did indeed receive notice of the upcoming trial. Thus, this assignment is completely without merit.
Terrell also states that good cause existed for the continuance when she argued to the Tribunal that it was election day and that she was the Yazoo County Coordinator for the Bennie Thompson campaign. However, she did not file a formal continuance motion but merely argued the continuance motion ore tenus.
Following our procedural guidelines, Terrell should have filed a formal continuance motion under Miss. Code Ann. § 99-15-29 (1994), which requires an affidavit setting forth, among other things, that she has used due diligence and that the continuance is not sought for delay, but so justice may be done. "Exigencies which arise during ... trials are often rightly met with such [ore tenus] pleadings, but the substance and content *590 of such pleadings required by a statute cannot be ignored." McClendon v. State, 335 So.2d 887, 889 (Miss. 1976). The decision to grant or deny a continuance is one left to the sound discretion of the court. Johnson v. State, 631 So.2d 185, 189 (Miss. 1994) (citing Wallace v. State, 607 So.2d 1184, 1190 (Miss. 1992); Morris v. State, 595 So.2d 840, 844 (Miss. 1991); Fisher v. State, 532 So.2d 992, 998 (Miss. 1988)). "Unless manifest injustice appears to have resulted from the denial of the continuance, this Court should not reverse." Johnson, 631 So.2d at 189 (citing Hatcher v. Fleeman, 617 So.2d 634, 639 (Miss. 1993)). This Court has consistently held that a trial court will not be held in error in denying a continuance where the defendant fails to follow the procedures outlined by statute and case law. Johnson, 631 So.2d at 190 (citing Pinson v. State, 518 So.2d 1220, 1222 (Miss. 1988); Pool v. State, 483 So.2d 331, 336 (Miss. 1986)).
At the trial the Tribunal responded to Terrell's ore tenus motion by stating "had Respondent simply brought this to the attention of the Tribunal within a reasonable time that there was a conflict on the election date and that Respondent was actively involved in that election, there would have been absolutely no doubt that the case would have been reset." So, the Tribunal would have allowed Terrell the continuance had she merely filed a motion in a timely manner. A court or Tribunal should not be expected to stop the proceedings merely because one side states that there is good cause. Our legal system dictates that rules of order are followed. The Tribunal did not err in declining to grant a continuance because Terrell did not file a motion, and she did not show the requisite exigent circumstances necessary to grant a continuance based on an ore tenus motion.
Terrell also argues that "she raised objections as to whether the disciplinary process was racially discriminatorily applied and as to whether the manner in which [the] case was being handled was in retaliation against her." However, after an extensive search of the record no such objections were raised to the Tribunal and nowhere in the record did she argue that there was racial discrimination or that the trial was being held in retaliation against her. This Court recognizes that it hears all Bar matters on a de novo status but, Terrell utterly failed to raise these issues when asking for a continuance. Had she thought these issues so permeated the process, she should have brought these objections to the Tribunal's attention. Terrell did not follow procedural guidelines in filing a continuance motion and in the absence of any indication of injustice in the record, this assignment of error is without merit.

III.

THE EVIDENCE IS NOT CLEAR AND CONVINCING THAT TERRELL VIOLATED RULES 1.4 AND 8.4(a & d)
Terrell next asserts that the evidence was not clear and convincing that she violated Rules 1.4 and 8.4(a & d) of the Rules of Professional Conduct. In Bar Complaint matters this Court does not require a beyond a reasonable doubt standard, but rather, it is a clear and convincing standard that is required. Attorney Q v. Mississippi State Bar, 587 So.2d 228, 232 (Miss. 1991) (citing Mississippi State Bar v. Odom, 566 So.2d 712, 714 (Miss. 1990); Mississippi State Bar v. Nichols, 562 So.2d 1285, 1287 (Miss. 1990); Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss. 1983); Netterville v. Mississippi State Bar, 397 So.2d 878, 884 (Miss. 1981)).
Terrell did not cite authority or evidence as to why the Bar failed to prove that she violated Rules 1.4 and 8.4(a & d) by clear and convincing evidence, she merely states in a conclusory fashion that the evidence was insufficient. However, by looking toward the facts in the present case it is quite apparent that Terrell violated several Rules of Professional Conduct, by clear and convincing evidence.
Rule 1.4 dictates that an attorney must keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Terrell argues that "Coleman's directive to her to discuss finances with his mother [did] not require her to discuss those matter[s] with him." However, what Terrell utterly fails to *591 understand is that her client was not Coleman's mother but Coleman himself. Her obligation was to inform Coleman of the upcoming dismissal of his appeal, not wait around for the money Terrell said was owed her from Coleman's mother. Terrell's first and foremost duty is not to the person holding the purse strings but to the client. Coleman stated at the trial that the first time he knew of the dismissal of his appeal was a letter he received from this Court telling him. This is clear and convincing evidence that Terrell violated Rule 1.4.
Rule 8.4(a) states that "[i]t is professional misconduct for a lawyer to: violate or attempt to violate the rules of professional conduct." Rule 8.4(d) states that "[i]t is professional misconduct for a lawyer to: engage in conduct that is prejudicial to the administration of justice." Rule 8.4 is the "`bread and butter' charge in attorney discipline cases; it accompanies almost any other charge in a bar complaint." Mathes v. Mississippi Bar, 637 So.2d 840, 848 (Miss. 1994). Accordingly, the rationale for sanctions against Terrell for her Rule 1.3 and 1.4 violations apply as well to her Rule 8.4(a & d) violations. By looking toward the fact's presented by the Bar and taking them as correct it is clear and convincing that Terrell violated Rules 1.4 and 8.4(a & d).

IV.

THE TRIBUNAL IMPROPERLY OVERRULED TERRELL'S REQUEST FOR THE APPOINTMENT OF INDEPENDENT COUNSEL
Terrell next argues that independent counsel should have been appointed because "[t]he record clearly shows that Rule 3.7 of the Rules of Professional Conduct would prohibit Bar counsel [Martz] from acting as [an] advocate[] in this case." Terrell refers to Rule 3.7 which states:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of the legal services rendered in the case; and (3) disqualifications of the lawyer would work substantial hardship on the client.
Terrell called Michael Martz as a witness for her case for reasons of mitigation. The pertinent part of the record reads in part:
Terrell: Yes. Your Honor, I would like ... I don't see the need to call Michael Martz, but I would like the record to show that  well, I think I will call him.
I call Michael Martz.
Judge Ross: I believe you've rested, Ms. Terrell.
Terrell: On mitigation? Don't you have a right to talk about mitigation?
Judge Ross: You want to call Mr. Martz as a witness?
Terrell: Yes.
Judge Ross: We'll allow it.
The applicable part of the record goes to show that not only did Mr. Martz not have any idea that Terrell would call him as a witness, neither did she. Obviously Mr. Martz was not "likely to be a necessary witness." It is important to note that Mr. Martz was not the head Bar counsel at Terrell's trial, but Mr. John F. Davis was. Nowhere in the record does Mr. Martz speak until he is called as a witness. What Terrell fails to recognize is that a party cannot complain about something which she herself caused. This argument is without any merit.
Next, Terrell argues that the "record further shows evidence of vindictiveness and retaliation despite the Bar's assertions to the contrary." However, Terrell goes on to state that she "feels that the ends of justice would not be served by relating very painful and saddening experiences she has encountered in her ordeals with Bar counsel." Terrell does not point to one instance within the record to corroborate her theory, cite any legal authority, and in fact explains that justice would not be served by pointing out those experiences. This Court cannot sit by and assume unsubstantiated allegations. "This Court has held there is no obligation to consider any assignment of error unsupported and unaddressed in a party's submitted brief(s)." Gex v. Mississippi Bar, 656 So.2d 1124, 1129 (Miss. 1995) (citing Matter of Estate of Mason, 616 So.2d 322, 327 (Miss. *592 1993)). Thus, this assignment is without any merit.

V.

THE EFFORTS OF THE BAR TO ENHANCE THE DISCIPLINE IMPOSED IN THIS ACTION BY THE TRIBUNAL SHOULD FAIL; AND, THE EVIDENCE SUPPORTS A FINDING THAT THE DISCIPLINE IMPOSED IS EXCESSIVE
This section will combine the cross-complaint of the Mississippi Bar and Terrell's issue five because they can both be resolved by the same facts and law.
The Mississippi Bar argues that "under the facts and circumstances the discipline imposed by the Complaint Tribunal is too lenient," and any "discipline the Court deems appropriate to impose upon Ms. Terrell the Bar submits that the same should not run concurrently with any other discipline but should, at the very least, run consecutively therewith." Predictably, Terrell counters that the suspension of six (6) months to run concurrently with an earlier penalty is excessive. This Court has held that the purpose of a bar disciplinary proceeding is not to punish the attorney but to vindicate in the eyes of the public the overall reputation of the Bar. Levi v. Mississippi Bar, 436 So.2d 781, 786 (Miss. 1983). The purposes of imposing this discipline include protecting the public, protecting and promoting the administration of justice, maintaining appropriate professional standards, and deterring similar conduct. Foote v. Mississippi State Bar, 517 So.2d 561, 564 (Miss. 1987); Mississippi State Bar v. A Mississippi Attorney, 489 So.2d 1081, 1083 (Miss. 1986).
Mississippi Bar v. Blackmon, 600 So.2d 166, 173 (Miss. 1992), laid out the considerations this Court must take in determining the appropriate discipline to be imposed upon an attorney.
The factors include: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; and (5) the sanctions imposed in similar cases... . Additionally, the ABA has approved a set of standards for imposing lawyer sanctions which includes the following factors a court should consider when imposing sanctions: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence or mitigating factors.
Id. (citing Mississippi State Bar v. A Mississippi Attorney, 489 So.2d 1081, 1083 (Miss. 1986)).
Terrell cites several cases to show the proposition that the six (6) month suspension, to run concurrent with a previous suspension, was excessive. She cites Attorney B.T. v. Mississippi Bar, 589 So.2d 119 (Miss. 1991) and Mississippi Bar v. Hall, 612 So.2d 1075 (Miss. 1993), in which this Court reduced suspensions for conduct which she says is similar to hers. However, these cases can be distinguished. In Hall the attorney was negligent in getting the client settlement funds in a timely matter and keeping the client reasonably informed and in Attorney B.T. the attorney neglected to timely file a client's brief. These two instances differ from Terrell's situation because there is the additional misconduct of Terrell accepting a client's money, doing no work in return, and then when told by a court to refund the money not complying with the court order.
Terrell cites another case to show an instance in which this Court imposed a penalty similar to hers and in which she alleges the conduct by that attorney was more egregious than hers. In Harris v. Mississippi State Bar, 393 So.2d 1307 (Miss. 1981), this Court enhanced discipline for an attorney having been found to have engaged in multiple violations in more than one case. What Terrell fails to realize when she cites this case is that this Court can, and will, take judicial notice that this is not the first time she has been before this Court in a bar matter. See Terrell v. Mississippi Bar, 635 So.2d 1377 (Miss. 1994). In Terrell's previous case Terrell was found guilty of professional misconduct and suspended from the practice of law for one (1) year. So, just like Harris, Terrell has had multiple violations in more than one case *593 and a pattern of delay and neglect to two clients. Her conduct in the past and in the case at hand are more synonymous with Harris above, and enhancement would seem the appropriate remedy.
Terrell then argues the proposition that discipline in excess of three months has only been imposed when the client has been subjected to substantial harm. See Myers v. Mississippi State Bar, 480 So.2d 1080 (Miss. 1985). She states that Coleman did not suffer substantial harm because Coleman's conviction was affirmed. What she utterly fails to see is that the pecuniary loss of fifteen hundred ($1,500.00) dollars to Coleman is substantial harm.
Terrell goes on to state that the Tribunal's award to Coleman of fifteen hundred ($1,500.00) dollars "thwarts the nature, spirit and letter of the Bankruptcy laws. Further, adjudication of the repayment of the fees violates the principles of res judicata and denies Terrell the protection accorded her under bankruptcy." However, Terrell then goes on to state that her bankruptcy was subsequently dismissed. She then threatens that "[s]hould creditors not agree to await a more opportune financial condition, Terrell may be forced again to seek bankruptcy protection." We find this threat particularly disturbing. Is this Court not to impose restitution upon Terrell because she might file bankruptcy? Is this Court supposed to let Terrell keep the money? What would justify letting Terrell not pay back the money she took from Coleman's mother, especially since her bankruptcy was dismissed? The fact remains that Terrell took money from a client and did no work for him. She claims that she did not intend to defraud him but she did. Terrell took fifteen hundred ($1,500.00) dollars and gave nothing in return. Nothing in Terrell's brief persuades this Court that the Tribunal's decision of restitution is in error. This Court will uphold the Tribunal's finding on the matter of Terrell's restitution to her wronged client.
If an attorney is dishonest with her client it "goes to the very core of a lawyer's fitness to practice law." Reid v. Mississippi State Bar, 586 So.2d 786, 788 (Miss. 1991) (citing Mississippi State Bar v. Odom, 566 So.2d 712, 717 (Miss. 1990) (Sullivan, J., dissenting)). In failing her duty to her client and the rules, Terrell's violations involve the most important ethical standards this profession espouses. Stegall v. Mississippi Bar, 618 So.2d 1291, 1294 (Miss. 1993). Through Terrell's inaction, she "demonstrated `a complete lack of concern for the potential injuries ... [that her client] might suffer due to [her] failure to act on'" his behalf. Carter v. Mississippi Bar, 654 So.2d 505, 512 (Miss. 1995) (quoting Stegall, 618 So.2d at 1294)).
There can be no legal profession in the absence of scrupulous honesty by attorneys with other people's money. Public confidence here is vital. There may be worse sins, but the ultimate wrong of a lawyer to [her] profession is to divert clients' ... funds entrusted to [her] to an unauthorized use. A lawyer of such conduct exhibits a character trait totally at odds with the purposes, ideals and objectives of our profession.
Gex v. Mississippi Bar, 656 So.2d 1124, 1129 (Miss. 1995) (quoting Haimes v. Mississippi Bar, 601 So.2d 851, 855 (Miss. 1992)).
This Court has stated in the past that "the most important consideration in imposing sanctions is that the punishment be sufficient to `vindicate in the eyes of the public the overall reputation of the bar.'" Mississippi Bar v. Hall, 612 So.2d 1075, 1078 (Miss. 1992) (quoting Mississippi State Bar v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986)). "[W]hen neglect of a client arises, the `need to deter similar misconduct is great.'" Carter v. Mississippi Bar, 654 So.2d 505, 512 (Miss. 1995) (quoting Hall v. Mississippi Bar, 631 So.2d 120, 126 (Miss. 1993)). To deter Terrell from similar conduct in the future and to bolster the confidence of the general public, the imposition of sanctions implicates the need to preserve the reputation of the legal profession. Stegall, 618 So.2d at 1294.
This Court has not hesitated to impose suspensions simply for acts of neglect when prejudice and harm are done to the clients. Previous cases of this Court support a lengthier suspension on Terrell than the six (6) month suspension to run concurrently with her previous suspension imposed by the *594 Complaint Tribunal. Terrell's misconduct is enough to warrant a six (6) month suspension not to run concurrently with any other discipline, but to run consecutively therewith. Thus, the Mississippi Bar's cross-complaint, that Terrell's suspension was too lenient, will be granted.

CONCLUSION
When consideration is given to the entire record, the circumstances involved, and the applicable law, it is submitted that the imposition of anything less than a suspension of six (6) months upon Ms. Terrell would be inappropriate. In a previous matter, Ms. Terrell was suspended from the practice of law for one (1) year. Ms. Terrell's previous one (1) year suspension was effective from the date that Opinion became final on April 14, 1994. See Terrell v. Mississippi Bar, 635 So.2d 1377 (Miss. 1994). Because Ms. Terrell's previous suspension ended on April 14, 1995, the new six (6) month suspension shall become effective from the day this Opinion and Judgment becomes final.
(1) Ms. Terrell shall be suspended from the practice of law in the State of Mississippi for a period of six (6) months from the day on which this Opinion and Judgment becomes final;
(2) If Ms. Terrell does not pay fifteen hundred ($1,500.00) dollars into the registry of the Humphreys County Circuit Court, then and on that condition, Ms. Terrell shall make restitution of fifteen hundred ($1,500.00) dollars to Ms. Vircine Young prior to being reinstated to the practice of law; and
(3) Ms. Terrell shall be required to successfully take the Professional Responsibility Section of The Mississippi Bar Examination prior to her reinstatement to the practice of law.
AFFIRMED IN PART; STELLA L. TERRELL IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW FOR A PERIOD OF SIX (6) MONTHS EFFECTIVE OCTOBER 5, 1995.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.