691 So.2d 904 (1996)
J. Ronald PARRISH
v.
THE MISSISSIPPI BAR.
No. 94-BA-01178-SCT.
Supreme Court of Mississippi.
December 5, 1996.
*905 Travis Buckley, Ellisville, for appellant.
J. David Wynne, Jackson, for appellee.
En Banc.
McRAE, Justice, for the Court:
Attorney J. Robert Parrish appeals from an order of a complaint tribunal consisting of the Honorable Marcus D. Gordon, the Honorable Irvin L. Martin, Jr. and the Honorable Robert L. Crook, suspending Parrish from the practice of law for a period of two years from the date of the suspension. The suspension was based on a complaint that charged Parrish with engaging in unprofessional and unethical conduct during the representation of one of his clients, Donald Middleton. The issues in this appeal concern the existence of sufficient facts for the tribunal to make its findings and the propriety of the punishment imposed on Parrish. The tribunal's findings of fact and conclusions of law were correct, but we disagree that the two year suspension was the appropriate sanction for Parrish's misconduct. Accordingly, we affirm the finding of misconduct. However, we reverse the imposition of a two year sanction and suspend Parrish for one year.

FACTS
On October 16, 1986, Donald Middleton, an experienced logger, was injured when a tree fell on him while in the course and scope of his employment with Windham Logging Company. Middleton subsequently received temporary total workers' compensation benefits from the date of his injury until October 1987, when his doctor released him to light duty work. Accordingly, Middleton received no further benefits, including workers' compensation benefits. Upon his release to light duty work, Middleton returned to work at Windham Logging Company; however, there was no work available for him.
Middleton also hired E.K. Collins, an attorney from Laurel, to file a workers' compensation claim on his behalf. Collins transferred the case with Middleton's consent to Parrish in October 1987. Parrish then filed a petition to controvert on behalf of Middleton on December 1, 1987.
Unable to informally schedule a medical examination of Middleton, the employer/carrier filed a motion seeking an order that Middleton submit to a medical examination. The hearing on this motion, which was the first hearing in this workers' compensation case, was held in September 1990. On September 13, 1990, the administrative law judge ordered that Middleton submit himself for a medical examination by Dr. George Truitt within 60 days. Parrish did not forward a copy of the order or a copy of the employer/carrier's notice of the date and time of the medical examination to Middleton. Further, Parrish did not notify Middleton of the date and time of the medical examination.
The employer/carrier made arrangements in October 1990 for Middleton to be examined by Dr. Truitt. Middleton did not appear for this appointment and therefore failed to submit to a medical examination within the 60 day period ordered by the administrative law judge, resulting in the employer/carrier filing a motion to dismiss. At the December 18, 1990 hearing, Parrish provided no evidence as to why Middleton failed to appear for the ordered medical exam. The administrative law judge entered an Order of Dismissal on January 3, 1991.
On January 10, 1991, Parrish filed a petition to have the full Workers' Compensation Commission review the administrative law judge's dismissal of Middleton's workers' compensation case. The full Commission held a hearing on January 27, 1992, and affirmed the dismissal, finding that Parrish had failed at the May 20 hearing to present on-the-record proof of why Middleton did not appear at the ordered medical examination and that Parrish insufficiently defended his Middleton, his client.
Parrish appealed the decision on Middleton's behalf to the Jones County Circuit Court, which the employer/carrier answered with a motion to dismiss based on untimeliness. The court granted the employer/carrier's motion.
*906 This Court has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. Rules of Discipline for the Mississippi State Bar, Rule 1(a). On appeal, this Court "shall review the entire record and the findings and conclusions of the Tribunal and shall render such orders as the Court may find appropriate." Foote v. Mississippi State Bar Ass'n, 517 So.2d 561, 564 (Miss. 1987). When reviewing disciplinary matters, this Court reviews the evidence de novo, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny. Watkins v. Mississippi Bar, 589 So.2d 660, 664 (Miss. 1991); Foote, 517 So.2d at 564; Hoffman v. MS State Bar Ass'n, 508 So.2d 1120, 1124 (Miss. 1987); Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1049 (Miss. 1987). However, this Court may give deference to the findings of the Tribunal. Mississippi State Bar v. Odom, 566 So.2d 712, 714 (Miss. 1990).
We give deference to the Tribunal's findings based on its exclusive opportunity to observe the demeanor and attitude of the witnesses like the accused attorney. Broome v. Mississippi Bar, 603 So.2d 349, 353 (Miss. 1992); Mississippi State Bar Ass'n v. Strickland, 492 So.2d 567 (Miss. 1986). Nevertheless, this Court "will not hesitate to impose substantial sanctions upon an attorney for any act which evinces want of personal honesty and integrity or renders such attorney unworthy of public confidence." Foote, 517 So.2d at 564; Brumfield v. Mississippi State Bar Ass'n, 497 So.2d 800, 808 (Miss. 1986), cert denied, Brumfield v. Mississippi State Bar Ass'n, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 502 (1987).

Whether the findings of the tribunal are supported by the facts of this case in several respects and whether facts before the tribunal support the conclusions or the sanctions imposed.
Appellant Parrish argues that the facts of this case do not support the findings of fact and conclusions of law made by the tribunal because the tribunal provided facts whose inferences were not proven at the hearing.
This Court disagrees. The record supports the complaint tribunal's factual findings and conclusions that: 1) Parrish did not notify Middleton of the specific date, time, and place of Middleton's appointment with Dr. Truitt; 2) subsequent to Middleton missing his appointment, the employer/carrier filed a motion to dismiss for failure to comply with the administrative law judge's order; and 3) on a hearing for the motion to dismiss, Parrish failed to present on-the-record proof before the administrative law judge as to why Middleton did not appear at the ordered medical examination, thereby insufficiently defending his client. Further, on January 10, 1991, Parrish filed a petition for full commission review of the administrative law judge's order of dismissal, without presenting any proof of why Middleton did not appear. The commission affirmed the administrative law judge's ruling. Moreover, Parrish failed to timely appeal Middleton's case from the full commission to the circuit court and failed to appear on a motion to dismiss the untimely appeal.
The complaint tribunal has the opportunity to observe the demeanor and attitude of witnesses, which is a crucial advantage that this Court does not have. Therefore, we will give deference to the complaint tribunal's findings. This Court has stated that differences found in the testimony of witnesses will not prevent evidence of attorney misconduct from rising to the level of clear and convincing evidence. A Mississippi Attorney v. Mississippi State Bar, 453 So.2d 1023, 1025 (Miss. 1984). Accordingly, the facts provided in the record substantiate the complaint tribunal's finding with clear and convincing evidence that Parrish was negligent.

Whether the punishment imposed on Parrish was disproportionate to the gravity of the offense.
As to this issue, Parrish argues that this Court has imposed far less sanctions on negligent attorneys than in the case here, and in those cases where lesser sanctions were imposed, there was no dispute that the neglect had occurred. Thus, Parrish concludes that the sanction, if imposed, should be much less severe than the two year suspension given in this case.
*907 This Court is free to evaluate the discipline imposed on an attorney and on review modify punishment as needed to best serve the interest of the Bar and the public. Mississippi State Bar v. Blackmon, 600 So.2d 166, 173 (Miss. 1992).
In determining what discipline, if any, is appropriate we look to several factors. These factors include: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; and (5) the sanctions imposed in similar cases. Additionally, the ABA has approved a set of standards for imposing lawyer sanctions which includes the following factors a court should consider when imposing sanctions: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors.
Id. at 173.
In this case, the appellant's neglect is sufficient to support imposition of a suspension. See Broome v. Mississippi Bar, 603 So.2d 349 (Miss. 1992) (attorney issued 30 day suspension and reprimanded publicly for neglect of client's case); Fougerousse v. Mississippi State Bar Ass'n, 563 So.2d 1363 (Miss. 1990) (attorney issued 90 day suspension for neglect); The Mississippi Bar v. Hall, 612 So.2d 1075 (Miss. 1992) (attorney issued 60 day suspension for incompetence, neglect, failure to communicate and failure to adequately protect client's interest upon withdrawal); Steighner v. Mississippi State Bar, 548 So.2d 1294 (Miss. 1989) (attorney issued 180 day suspension for neglect of case and failure to respond on behalf of client to motion for summary judgment, resulting in dismissal of client's case); and Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047 (Miss. 1987) (attorney issued 120 day suspension which was reduced to public reprimand by presentation of specific mitigating circumstances).
Moreover, this Court has stated in the past that "the most important consideration in imposing sanctions is that the punishment be sufficient `to vindicate in the eyes of the public the overall reputation of the Bar.'" Terrell v. The Mississippi Bar, 662 So.2d 586, 593 (Miss. 1995) (citations omitted). "[W]hen neglect of a client arises, the `need to deter similar misconduct is great.'" Id. To deter Parrish from similar conduct in the future, the imposition of sanctions implicates the need to preserve the reputation of the legal profession. Id.
"This Court has not hesitated to impose suspensions simply for acts of neglect when prejudice or harm are done to the clients." Id. However, punishment for any violation of the Rules of Discipline is considered and imposed on a case-by-case basis and is not governed by a set standard. A Mississippi Attorney, 453 So.2d at 1028. On appeal, "this Court reviews the evidence, the law, the findings and conclusions of the Complaint Tribunal, and then renders such order as the Court may find to be appropriate based on the entire record." Id.
This case is more attuned to our holding in Broome, where, eight years prior to the filing of a complaint, attorney Broome had been privately reprimanded by the Mississippi Bar for representing two parties with conflicting interests. Broome, 603 So.2d at 350. This Court deemed a 30 day suspension appropriate in that case. Id. at 354. In light of Parrish's one year suspension from the United States District Court for the Southern District of Mississippi for contempt of court in 1991, his reciprocal reprimand from this Court based on the U.S. District Court's order, and his private reprimand from a complaint tribunal in 1993, we feel that imposition of a suspension is appropriate here. Although we are compelled to impose more than a 30 day suspension, we are not so compelled to the extent of the Tribunal's two year suspension. We therefore vacate the two-year suspension and order that the attorney receive a one year suspension from the practice of law.
COMPLAINT TRIBUNAL FINDINGS OF MISCONDUCT AFFIRMED. IMPOSITION OF A TWO (2) YEAR SENTENCE REVERSED. J. RONALD PARRISH IS SUSPENDED FROM THE PRACTICE OF LAW FOR ONE (1) YEAR.
*908 DAN LEE, C.J., and PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
SULLIVAN, P.J., dissents with separate written opinion joined by PRATHER, P.J., and SMITH and MILLS, JJ.
SULLIVAN, Presiding Justice, dissenting:
Based upon the conduct of the attorney in this specific instance and his prior history before tribunals concerning unethical conduct, I am of the opinion that the tribunal was fully justified in ordering a two year suspension and nothing in the majority opinion is sufficient to cause me to question the validity of that suspension.
Therefore I dissent from that part of the majority opinion.
PRATHER, P.J., and SMITH and MILLS, JJ., join this opinion.