919 So.2d 59 (2005)
Azki SHAH
v.
The MISSISSIPPI BAR.
No. 2004-BA-01245-SCT.
Supreme Court of Mississippi.
June 23, 2005.
Rehearing Denied January 5, 2006.
*61 Hiawatha Northington, Jackson, attorney for appellant.
Adam Bradley Kilgore, Gwen Combs, James R. Clark, Jackson, attorneys for appellee.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. The only issue presented in this appeal is the extent of punishment to be imposed upon attorney Azki Shah for specified infractions of the Mississippi Rules of Professional Conduct. Shah challenges the Complaint Tribunal's recommendation of the imposition of a two-year suspension from the practice of law and ordering him to pay restitution. Having reviewed the acts deemed violative of the Mississippi Rules of Discipline and case law concerning comparable cases, we find that Azki Shah should be disbarred.

FACTS
¶ 2. After being represented at trial by another attorney, Colon Vaughn retained attorney Azki Shah to perfect and prosecute an appeal of Vaughn's criminal conviction in October of 1998. Vaughn paid Shah $3,750.00 on October 24, 1998, to pursue the appeal. Notwithstanding his duty to perfect and prosecute the appeal on Vaughn's behalf, Shah failed to take the required, necessary and appropriate actions to file the notice of appeal and other documents to perfect and pursue an appeal of Vaughn's criminal convictions in a timely manner.
¶ 3. On May 13, 1999, Shah wrote a letter to Vaughn advising that Shah had filed a motion for bail pending appeal, but, at the disciplinary hearing, Shah admitted that no such motion was ever filed, explaining that it was his secretary's duty to file the motion and she did not do so. The Bar made several requests to Shah to produce a copy of the motion, but Shah never did so.
¶ 4. Shah filed a motion to file an out-of-time appeal on behalf of Vaughn on September 21, 2000. Shah represented therein that the motion was filed because "counsel failed to file a timely appeal." At the disciplinary hearing, Shah testified that he was referring to himself as the attorney who failed to file a timely appeal. After Shah's motion was denied, Vaughn was required to hire other counsel to pursue his appeal.
¶ 5. On October 1, 1998, the United States Bankruptcy Court issued an injunction prohibiting Shah from practicing in that court for six months. Shah was ordered to take the Multi-State Professional Responsibility Examination and achieve a score as provided for in Rule 12.5 of the Mississippi Rules of Discipline. As a reciprocal disciplinary matter to the bankruptcy suspension, on July 29, 1999, we suspended Shah from the practice of law in the State of Mississippi for six months. Miss. Bar v. Shah, 749 So.2d 1047 (Miss. 1999).
¶ 6. Shah never advised Vaughn of either of these suspensions.
¶ 7. After Vaughn filed a complaint against Shah with the Mississippi Bar on June 6, 2003, the Bar gave Shah until June 26, 2003, to file his response. Shah was subsequently granted additional time and filed a response on October 6, 2003. An investigatory hearing was held on November 4, 2003, wherein both Shah and Vaughn testified. Shah testified that Vaughn had paid him $3,750.00 to file a *62 petition for post-conviction collateral relief and between $1,800.00 and $1,900.00 to defend him on a charge for aggravated assault, for which charge Vaughn was found not guilty.
¶ 8. After the hearing, the Bar requested that, by November 18, 2003, Shah produce the following documents: a copy of Shah's notification to Vaughn that Shah had been suspended; a copy of any document reflecting that Shah had received $3,7500.00 from Vaughn to file an appeal; and a copy of any document reflecting that Shah had received between $1,800.00 and $1,900.00 from Vaughn for representing him on the aggravated assault charge. Shah failed to produce these documents until the day before trial on May 7, 2004.
¶ 9. After hearing testimony and receiving exhibits, the Complaint Tribunal adjudged that Shah had violated the following Mississippi Rules of Professional Conduct:
(1) Rule 1.2(a)A lawyer shall abide by a client's decisions concerning the objectives of the representations. After he was paid to perfect an appeal for Vaughn, Shah failed to abide by Vaughn's decisions concerning the objectives of the representation when he failed to perfect and prosecute the appeal in a timely and proper manner.
(2) 1.3A lawyer shall act with reasonable diligence and promptness when representing a client. Shah failed to act with reasonable diligence and promptness in perfecting and prosecuting the appeal.
(3) 1.4A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Shah failed to keep Vaughn adequately informed about the status of the appeal and failed to comply promptly with reasonable requests for information. Shah did not inform Vaughn of his suspension from the practice of law.
(4) 1.5(a)A lawyer's fee shall be reasonable. Shah accepted $3,750.00 for perfecting Vaughn's appeal and never filed the appeal. To accept a fee and not perform the services is per se an unreasonable fee.
(5) 8.1(b)A lawyer in connection with a disciplinary matter shall not fail to disclose a fact necessary to correct a misapprehension of fact known by the person to have arisen in the matter and knowingly fail to respond to a lawful demand for information from a disciplinary authority. Shah failed to respond in a timely manner to the Bar's request for production of documents.
(6) 8.4(a and d)It is professional misconduct for a lawyer to violate or attempt to violate a rule of professional conduct or to engage in conduct that is prejudicial to the administration of justice. Shah's actions described in the immediately-following paragraph support this finding.
¶ 10. The Tribunal further found that Shah had engaged in several instances of dishonesty and misrepresentation:
(1) Shah advised Vaughn that a motion for bail pending appeal had been filed when it, in fact, had not.
(2) Shah failed to inform Vaughn of his suspension from the practice of law.
(3) In the motion for out-of-time appeal, Shah deceived the court by implying that another attorney, and not he, had failed to perfect timely an appeal.
(4) Even though Shah testified at the investigatory hearing that Vaughn had paid him between $1,800.00 and $1,900.00 to represent him on the aggravated assault charge, Shah testified at the trial that Vaughn had not paid him said sums. Shah *63 never satisfactorily responded to the Bar's request for information about this fee.
(5) At the investigatory hearing, Shah testified that Vaughn paid him $3,750.00 for pursuing post-conviction collateral relief. At the trial, Shah testified that Vaughn paid him this sum for an appeal.
¶ 11. Considering these findings of fact and the aggravating factors, the Tribunal found that Shah should be suspended from the practice of law in the State of Mississippi for two (2) years and pay restitution to Colon Vaughn in the amount of $3,750.00; and that, as a condition precedent to his resumption of the practice of law, Shah should petition this Court for reinstatement, take and pass the entire Mississippi Bar Examination administered by the Mississippi Board of Bar Admissions and achieve the score then required of new attorneys for admission to the Bar, and take and pass the Multi State Professional Responsibility Examination with the score required for admission of new lawyers.
¶ 12. Shah does not appeal any of the findings of fact made by the Tribunal. His sole issue on appeal is whether the two-year suspension from the practice of law and the payment of restitution are appropriate. Shah argues that his actions and failures to act do not support the imposition of a suspension for any length of time, and that only a public reprimand should be given. The Bar argues that the two-year suspension is appropriate.

DISCUSSION

I. STANDARD OF REVIEW
¶ 13. "The Supreme Court of Mississippi has exclusive and inherent jurisdiction in bar disciplinary matters." Miss. Bar v. Pels, 708 So.2d 1372, 1373 (Miss.1998). See also R. Discipline Miss. State Bar 1(a). In matters involving attorney discipline, we conduct a de novo review. Miss. Bar v. Shelton, 855 So.2d 444, 445 (Miss.2003) (citing Pels, 708 So.2d at 1373). See also R. Discipline Miss. State Bar 9.4. The Court must decide each disciplinary case on its own unique merits. Fougerousse v. Miss. State Bar Ass'n, 563 So.2d 1363, 1366 (Miss.1990). "On appeal, this Court, `shall review the entire record and the findings and conclusions of the Tribunal, and shall render such orders as the Court may find appropriate.'" Miss. Bar v. Sweeney, 849 So.2d 884, 887 (Miss. 2003) (quoting Foote v. Miss. State Bar Ass'n, 517 So.2d 561, 564 (Miss.1987)). We may give deference to the findings of the Tribunal. Id. "This Court is free to evaluate the discipline imposed on an attorney and on review modify punishment as needed to best serve the interest of the Bar and the public." Parrish v. Miss. Bar, 691 So.2d 904, 907 (Miss.1996).

II. WHETHER SHAH WAS APPROPRIATELY SANCTIONED.
¶ 14. When considering the imposition of sanctions, "[t]he primary concern when imposing sanctions for attorney misconduct is that the punishment be sufficient `to vindicate in the eyes of the public the overall reputation of the Bar.'" Parrish, 691 So.2d at 907 (citing Miss. State Bar v. Blackmon, 600 So.2d 166, 173 (Miss.1992)). We use two sets of criteria when reviewing the sanctions for misconduct. Miss. Bar v. Alexander, 669 So.2d 40, 42 (Miss.1996). However, we are essentially "free to evaluate the discipline imposed on an attorney and on review modify punishment as needed to best serve the interest of the Bar and public." Parrish, 691 So.2d at 907.
¶ 15. The two sets of criteria mentioned in Parrish include nine areas of inquiry, four of which originate from the American Bar Association standards. *64 These areas of inquiry include: (1) the nature of the conduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury caused by the lawyer's misconduct; and (9) the existence of aggravating or mitigating circumstances. Miss. Bar v. Sweeney, 849 So.2d 884, 888 (Miss.2003). See also Parrish, 691 So.2d at 907; Miss. Bar v. Alexander, 669 So.2d 40, 42 (Miss. 1996); Miss. Bar v. Attorney ST, 621 So.2d 229, 233 (Miss.1993); Blackmon, 600 So.2d at 173.

1. The nature of the conduct involved.

¶ 16. Vaughn retained and paid Shah to perform certain legal services. Shah kept Vaughn's money and never performed the legal services. Shah lied to Vaughn about the status of the legal matter. Because of Shah's actions, Vaughn lost a very valuable rightthat of a timely appeal from a criminal conviction. Shah attempted to thwart the Bar's investigation into Vaughn's complaint by failing to respond to repeated requests for production of documents. Shah's responses to questions were not credible because, depending on the occasion, the responses were different.

2. The need to deter similar misconduct.

¶ 17. The United States and Mississippi Constitutions protect a criminal defendant's rights because of the potential loss of liberty and other civil rights. Attorneys representing criminal defendants must adhere to high standards when their clients' basic civil rights are at stake. Shah's failure to file a criminal appeal shocks the Court's conscience, and we must act commensurately to discourage attorneys from allowing this to happen ever again.

3. The preservation of the dignity and reputation of the profession.

¶ 18. An attorney like Shah who fails to perform any legal services to a client who has paid the attorney for the legal services denigrates the dignity and reputation of the profession. So does an attorney who prevaricates and fails to be forthcoming.

4. The protection of the public.

¶ 19. Shah's pattern of misconduct and lack of true remorse indicate that there is no assurance that Shah's future conduct will meet professional and ethical standards.

5. The sanctions imposed in similar cases.

¶ 20. We have disbarred attorneys in other similar cases.
¶ 21. Stegall v. Miss. Bar, 618 So.2d 1291 (Miss.1993), is a case almost exactly on point. An inmate hired Stegall to file a petition for post-conviction relief. He paid Stegall $2,500.00 as a retainer. As the deadline for filing the petition approached, the inmate made numerous attempts to contact Stegall by telephone and by mail, to no avail. The petition was not filed and the $2,500.00 was not returned to the inmate. Citing ABA Standard 4.4, We disbarred Stegall. 618 So.2d at 1295.
¶ 22. Other states have disbarred attorneys when they have violated a duty to a client and then evinced lack of candor before a Bar complaint tribunal.
¶ 23. In Disciplinary Bd. of the Supreme Ct. of the State of N.D. v. Crain, 566 N.W.2d 404 (N.D.1997), the disciplinary board began an investigation of an attorney *65 who knew that a will of one of her clients had been probated and she failed to inform the court that a later will had been executed. When the attorney failed to respond to the Bar's investigation, the court found that she had obstructed the disciplinary process. The court found that the attorney's misconduct regarding the will plus her lack of candor to the disciplinary board merited disbarment.
¶ 24. Similarly, in Chang v. State Bar, 49 Cal.3d 114, 260 Cal.Rptr. 280, 775 P.2d 1049 (1989), Chang was disbarred for willfully misappropriating client funds, failing to attempt restitution to client, and displaying lack of candor during investigation, even though Chang had absolutely no prior disciplinary history. The court stated: "His misrepresentations to the investigator fraudulently delayed the State Bar's investigation of his misconduct, and his evasiveness before the hearing panel hindered that body's fact-finding function. We have held that fraudulent and contrived misrepresentations to the State Bar may perhaps constitute a greater offense than misappropriation." Id. at 287, 775 P.2d 1056 (citation omitted).
¶ 25. The Supreme Court of Arizona disbarred an attorney for "fee gorging," failure to protect the interest of a client, and lack of candor before the disciplinary board even when the disciplinary board recommended two suspensions, one for six months and another for seven months, in State Bar v. Douglas, 158 Ariz. 516, 764 P.2d 1 (1988).

6. The duties violated.

¶ 26. Attorneys owe the following ethical duties to clients: (1) the duty of loyalty (Rule 1.15), including preserving the client's property, maintaining confidentiality, and avoiding conflicts; (2) the duty of diligence (Rules 1.3 & 1.4); (3) the duty of competence (Rule 1.1); and (4) the duty of candor (Rule 8.4). Here, the evidence supports a finding that Shah violated his duty of diligence to Vaughn when he completely failed to file the notice of appeal. Shah violated his duty of candor to Vaughn when he lied to Vaughn about the filing of the appeal and when he failed to inform Vaughn of his suspension.
¶ 27. For the violation of the duty of diligence, the Bar standards recommend disbarment when "a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" and suspension when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client," the difference in the two recommendations being whether the injury is "serious" or not. For the violation of the duty of candor, the Bar standards recommend disbarment when "a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential serious injury to a client." They recommend suspension for the violation of the duty of candor when the injury is not serious.

7. The lawyer's mental state.

¶ 28. There is no evidence that Shah was suffering from any emotional or mental disability at the time of his actions.

8. The actual or potential injury caused by the lawyer's misconduct.

¶ 29. Vaughn lost a very valuable rightthe right to a timely appeal. Vaughn did not receive legal services for which he paid $3,750.00.

9. The existence of aggravating or mitigating circumstances.

¶ 30. As an aggravating circumstance, Shah has had disciplinary action taken against him previously: (1) an informal *66 admonition (violations of Rules 1.4 and 8.1(b)); (2) a public reprimand (violations of Rules 1.2, 1.3, 1.4, and 8.4(a, c, and d)); (3) a private reprimand (violations of Rules 1.3, 1.4 and 8.4(a, c, and d)); (4) a second private reprimand (violation of Rule 1.16); (5) a six-month suspension by the U.S. Bankruptcy Court for failure to disclose that he had accepted pre-petition filing fees and attorney fees; and (6) a concomitant six-month suspension by the Court for the same misconduct. As a second aggravating circumstance, Shah actively misled Vaughn as to the status of the appeal. Shah failed to be forthcoming before the investigatory committee and the Tribunal, a third aggravating circumstance. A fourth aggravating circumstance is Vaughn's vulnerability because Vaughn was in prison without freedom and was unable to protect his own rights.
¶ 31. No mitigating circumstances are present.

CONCLUSION
¶ 32. Based upon the above precedent, we find that disbarment is the appropriate sanction in this matter. We have previously ordered disbarment when a suspension is recommended. Culpepper v. Miss. State Bar, 588 So.2d 413 (Miss. 1991). "The sanctions imposed by this Court may be more or less severe than those which the Complaint Tribunal has recommended." Id. at 420 (citing Steighner v. Miss. State Bar, 548 So.2d 1294, 1297 (Miss.1989)).
¶ 33. In Shah's case, the aggravating circumstances far outweigh the mitigating circumstances (there were no mitigating circumstances). Shah knowingly failed to perform the legal services he contracted to do and knowingly deceived Vaughn. He caused serious injury to Vaughn by failing to file a timely appeal and by taking Vaughn's money. Finally, we will not tolerate Shah's deliberate prevarication, lack of candor and evasiveness to the tribunal during the disciplinary proceedings.
¶ 34. We order that Azki Shah is hereby disbarred from the practice of law in the State of Mississippi from and after the date of the filing of this opinion and that he shall pay restitution to Colon Vaughn in the amount of $3,750.00.
¶ 35. The Clerk of the Court is hereby directed to mail certified copies of this opinion to the Clerks of the United States Supreme Court, the United States Court of Appeals for the Fifth Circuit, the United States District Courts of the Northern and Southern Districts of Mississippi, and the Chancery and Circuit Courts of Coahoma County, Mississippi.
¶ 36. AZKI SHAH IS DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FROM AND AFTER THE DATE OF THE FILING OF THIS OPINION AND IS ORDERED TO PAY RESTITUTION TO COLON VAUGHN IN THE AMOUNT OF $3,750.00, AND PAY ALL FEES AND COSTS TO THE MISSISSIPPI BAR.
SMITH, C.J., COBB, P.J., DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND CARLSON, JJ., NOT PARTICIPATING.