1997 ND 131

In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST April M. CRAIN, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF THE SU-PREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,

v.

April M. CRAIN, Respondent.

No. 970142.

Supreme Court of North Dakota.

July 16, 1997.

## ORDER OF DISBARMENT

On October 18, 1996, April M. Crain was personally served with a Summons and Petition in this matter. While no formal Answer was filed by Crain, a Stipulation and Consent to Discipline was filed with the Disciplinary Board on December 5, 1996, and forwarded to the Hearing Body. The Hearing Body rejected the Stipulation and Consent to Discipline and set the matter for hearing on March 27, 1997. Disciplinary Counsel appeared in support of the Petition but Crain did not appear. On April 18, 1997, the Hearing Body filed its Report in the above matter with the Disciplinary Board finding Crain, an attorney admitted to the Bar of North Dakota, violated the North Dakota Rules of Professional Conduct (NDRPC) in her handling of the Will and Estate of Alvin Bauer and her conduct during the investigation by the Inquiry Committee West.

The Hearing Body found that on November 20, 1993, a client for whom Crain prepared a will in 1988, Alvin Bauer, died. In the 1988 Will, Crain was nominated as personal representative to serve without bond. Crain applied for informal probate of the 1988 Will and was appointed personal representative of the estate on December 22, 1993. At that time, Crain had possession of keys to a safe deposit box containing another Will dated January 11, 1991. Crain had ac-

tual possession and constructive knowledge of the 1991 Will at the time she filed for probate of the 1988 Will.

In December 1994, Crain distributed $2500 in estate funds to heirs under the 1988 Will and provided certain household goods to Alice Bauer, Alvin Bauer's ex-wife. Crain also paid herself $2,673.62 for legal services rendered to the estate. Also in December 1994, Crain received notice from Attorney Douglas D. Sletten that the January 11, 1991 Will would be Alvin Bauer's last Will and she was instructed to check the files she had received from Attorney James Johnson who drafted Alvin Bauer's 1991 Will.

In spring 1995, Crain transferred possession of the safe deposit box keys to Attorney Sletten; upon inventory, Attorney Sletten located the original 1991 Will and notified Crain that no further distributions should be made until the matter could be corrected. Even though the 1991 Will named a different personal representative and residuary beneficiary, Crain made no attempt to notify the court that a more recent Will had been located.

Further, Crain did not provide an accounting to the Court of the estate funds, including amounts in checking and savings accounts, life insurance policies, household goods and personal property, and proceeds from the sale of the decedent's house. Crain did not respond to requests for information by the residuary beneficiary, St. Jude's Children's Research Hospital. Moreover, Crain provided misleading information to Attorney Sletten and Alice Bauer that the estate funds were being distributed to St. Jude's Children's Research Hospital or that funds were not available for distribution.

The Hearing Body recommended disbarment under Standard 5.11(b) (intentional conduct involving dishonesty, fraud, deceit, or misrepresentation) and Standard 4.6 (lack of candor), North Dakota Standards for Imposing Lawyer Sanctions (NDSILS). The Hearing Body further recommended Crain reimburse the Alvin Bauer estate for the total sum she received from the estate accounts in the amount of $2,673.62 and that she be required to pay the costs and expenses of the disciplinary process in the amount of $3801.65.

The Disciplinary Board adopted the Report of the Hearing Body and filed its Report with the Supreme Court for its consideration under Rule 3.1(G), North Dakota Rules for Lawyer Discipline (NDRLD). No objections to the Report of the Disciplinary Board were filed by Crain or Disciplinary Counsel in this matter.

█ The Supreme Court considered the matter and finds Crain's actions violated Rules 1.15 (safekeeping of client property) and 3.3 (requiring candor toward a tribunal), NDRPC. Crain's actions constitute conduct involving dishonesty, fraud, deceit or misrepresentation which is grounds for discipline under Rule 1.2(A)(3), NDRLD. Further, Crain's failure to respond to an investigation of the Inquiry Committee West violated Rule 8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority), NDRPC.

█ In considering mitigating factors, it is noted Crain had been and continues to receive treatment for cancer; however, no evidence was presented that her illness contributed to or caused her misconduct. Crain continues to work full time; she did resign as personal representative of the Alvin Bauer estate but only after disciplinary proceedings commenced. On the other hand, aggravating factors exist; specifically Crain's obstruction of the disciplinary process by failing to comply with the rules; her apparent refusal to acknowledge the wrongful nature of her conduct; the vulnerability of the victim (the estate); and the fact she was acting in a fiduciary capacity toward both the estate and the tribunal. Therefore, it is

**ORDERED,** that the Report of the Disciplinary Board is accepted and April M. Crain, a member of the Bar of North Dakota, is **DISBARRED** effective August 1, 1997.

**IT IS FURTHER ORDERED,** that April M. Crain reimburse the Alvin Bauer Estate for all sums she received in the amount of $2,673.62.

**IT IS FURTHER ORDERED,** that April M. Crain pay the costs and expenses of the

disciplinary proceedings in the amount of $3801.65.

**IT IS FURTHER ORDERED**, that April M. Crain provide proof of compliance with Rule 6.3, NDRLD, within 10 days from the effective date of this Order.

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

/s/ William A. Neumann
William A. Neumann
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring
Justice