855 So.2d 444 (2003)
The MISSISSIPPI BAR
v.
Jimmy Doug SHELTON.
No. 2002-BD-00762-SCT.
Supreme Court of Mississippi.
May 22, 2003.
Rehearing Denied September 11, 2003.
Michael B. Martz, attorney for appellant.
Alex A. Alston, Jr., T. Stewart Lee, Jr., Jackson, attorneys for appellee.
EN BANC.
GRAVES, J., for the Court.
¶ 1. This matter is before this Court on a Motion for Indefinite Suspension Pending Appeal, Striking From Roll, Suspending and Staying proceedings brought by the Mississippi Bar (herein-after Bar) against Jimmy Doug Shelton (hereinafter Shelton).

FACTS
¶ 2. A formal complaint was filed by the Bar against Shelton on May 13, 2002, based upon Shelton's entry of a guilty plea in federal district court on January 10, 2002, pursuant to a plea agreement. He *445 pled guilty to the charge of aiding and assisting in fraud and making false statements related to filing of a tax return to the Internal Revenue Service. A judgment was entered in connection with the plea on April 17, 2002.

DISCUSSION
¶ 3. The Bar alleges that Shelton pled guilty to a crime which triggers Rule 6 of the Rules of Discipline for the Mississippi Bar. The Bar recommends indefinite suspension until the Bar can show that the time to appeal the conviction has expired or the appeal was concluded without reversal. Moreover, upon the showing of either, the Bar suggests that it will file a motion for reconsideration for Shelton's immediate disbarment. Shelton contends that he never entered a final plea of guilty as required by Rule 6 of the Rules of Discipline for the Mississippi State Bar, but only a conditional plea. In the plea agreement, Shelton reserved the right to appeal the federal district court's ruling relating to a motion to suppress the evidence obtained during a warrantless search. Because he entered a conditional plea, Shelton maintains that he is not legally guilty and that the Bar cannot use Rule 6 as a device to automatically suspend him from the Bar. In support of his argument that his conviction is not legally and finally determined, Shelton cites to the Federal Rules of Criminal Procedure Rule 11(a)(2) which when he pled provided that:
Conditional Plea. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
He also argues that a suspension would be inequitable, unjust and would do violence to the well-established rule requiring a strict reading of the disciplinary rules.
¶ 4. Under our standard of review, this Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar. See Miss. R. Disc.1(a); Miss. Bar v. McGuire, 647 So.2d 706, 708 (Miss.1994). We conduct a de novo review in cases involving the discipline of attorneys. See Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998). "The burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct." Id.
¶ 5. Rule 6(a) of the Rules of Discipline for the Mississippi Bar provides:
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. §§ 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. §§ 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
*446 ¶ 6. As previously stated, a judgment was entered against Shelton on April 17, 2002. A certified copy of the judgment and a copy of the plea agreement has been included as part of the record in this matter. Shelton pled to aiding and assisting in fraud and false statements related to the filing of a return, affidavit, claim or document with the Internal Revenue Service before Judge W. Allen Pepper, Jr. in the United States District Court for the Northern District of Mississippi. United States v. Jimmy Doug Shelton, 181 F.Supp.2d 649 (N.D.Miss.2001), appeal pending, 5th Cir. No. 02-60326.
¶ 7. Conclusive evidence has been introduced to prove that Shelton committed a crime resulting in unprofessional and unethical conduct evincing unfitness for the practice of law. Because Rule 6 further provides that "upon reversal of the conviction or judgment that has resulted in the automatic suspension, the attorney [Shelton] shall be immediately reinstated...." Miss. R. Disc. 6(b). Shelton is not without a remedy should he prevail on appeal of his conviction. This Court accepts the recommendation of the Bar and strikes Shelton's name from the roll of attorneys and orders that he is suspended from the Mississippi Bar pursuant to Rule 6 of the Rules of Discipline for the Mississippi Bar.
¶ 8.JIMMY DOUG SHELTON IS SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND DIAZ, J.
McRAE, P.J., dissenting:
¶ 9. I dissent to the majority's finding that Rule 6 can be used to indefinitely suspend Shelton under these circumstances in advance of a final conviction. A conditional plea is not a final judgment or admission of guilt.
¶ 10. Rule 6(a) of the Rules of Discipline states in part:
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provision of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof.
(emphasis added).
¶ 11. Rule 6 is to be invoked when there is a "final judgment or a guilty plea," not a conditional plea pending an appeal. A conditional plea is not a guilty plea or an admission of guilt.
¶ 12. Furthermore, a conditional plea is different from a guilty or nolo contendere plea and cannot be found to be a final judgment since it can be withdrawn under Rule 11 of the Federal Rules of Criminal Procedure. Rule 6 addresses pleas of "guilty" or "nolo contendere." Rule 6 does *447 not address conditional pleas, which as Rule 11 illustrates are in a class of their own. Additionally, conditional guilty pleas under Fed.R.Crim.P. 11 may be withdrawn before the court accepts the plea and after the court accepts the plea but before sentencing under certain circumstances. Fed. R.Crim.P. 11(d). Rule 6 was not meant to address conditional guilty pleas as found in Rule 11. If the Bar wishes to use this Rule 6 mechanism, it has to wait until after the final appeal of this matter. Therefore, I would deny the Mississippi Bar's motion at this time, as it is premature.
¶ 13. As a side note, a review of the Fifth Circuit Court of Appeals docket indicates that United States of America v. Jimmy Doug Shelton, NO. 02-40719, was argued on February 11, 2003.[1] This decision, unlike ours, will be out shortly, and then the Bar may proceed with appropriate action.
¶ 14. For these reasons, I respectfully dissent.
DIAZ AND EASLEY, JJ., JOIN THIS OPINION.
EASLEY, J., dissenting:
¶ 15. The majority suspends Shelton from the practice of law; however, I must respectfully dissent. Shelton has not entered a final guilty plea. In Shelton's conditional plea agreement, he reserved the right to appeal the trial court's ruling on a motion to suppress. Shelton has appealed that ruling to the United States Court of Appeals for the Fifth Circuit. Since the Fifth Circuit has not ruled on that appeal, I do not find that Shelton has been finally convicted of a crime that would subject him to suspension at this time. The majority has jumped the gun by ordering Shelton's suspension thereby depriving Shelton of due process. Therefore, I do not find that a violation of Rule 6(a) of the Rules of Discipline has occurred at this time. Based on the language of this unique conditional plea arrangement, the majority should have awaited the appellate ruling on the suppression of evidence before accepting the conditional plea agreement as a tendered guilty plea. For these reasons, I would deny the Mississippi Bar's motion.
McRAE, P.J. AND DIAZ, J., JOIN THIS OPINION.
NOTES
[1] See internet cite http://www.ca5.uscourts.gov/clerk/calendar/0302/24.htm.