EASLEY, Justice,
concurring in part and dissenting in part.
¶ 33. I must respectfully dissent with the majority’s imposition of a one-year suspension from the practice of law against Attorney Peter A.C. Stewart. I find that the Complaint Tribunal’s findings and conclusion that Attorney Stewart should be suspended from the practice of law for ninety days to be appropriate, despite Attorney Stewart’s assertion that the Tribunal’s conclusion was unduly harsh.
¶ 34. Attorney Stewart has previously been disciplined by the Mississippi Bar, receiving multiple public reprimands and one private reprimand since 2004. Turning to the allegations at hand, two informal bar complaints were filed against Attorney Stewart. The first was filed on August 12, 2005, by Luciana Nicole James for failure to provide the representation for which he was hired. Attorney Stewart did not respond to any request for information during the informal complaint process.
¶ 35. The second informal complaint was filed on September 19, 2005, by Marvin Bruce and his wife, Penelope Ann Bruce, alleging that Attorney Stewart failed to perform legal services after receiving a $750 retainer. The Bruces contend that when they contacted Attorney Stewart regarding the case, his telephone was not in service and his email was returned as undelivered. The Bruces assert that the retainer was not refunded. Attorney Stewart did not respond to the request for information during the informal complaint process.
¶ 36. The Bar filed a formal complaint against Attorney Stewart based on the informal complaints. Attorney Stewart responded to the formal complaint, stating that he would return the Bruces’ $750 within ten days and that he accomplished the objectives of his representation of James for which he was hired. Attorney Stewart did not timely respond to the discovery propounded by the Bar, filing his responses after the Bar filed a Rule 37(d) motion, requesting that the admissions be deemed admitted. A scheduling order was entered setting the case for trial. Neither Attorney Stewart, nor any representative of Attorney Stewart, appeared at the trial. The Tribunal proceeded with the trial.[10] The Tribunal considered the Bar’s allegations contained in the formal compliant, Attorney Stewart’s response to the formal *16 complaint, and his response to the discovery propounded to him. The Bar requested that the Tribunal impose a sixty-day or ninety-day suspension against Attorney Stewart as a “wake-up call.”
¶ 37. The Tribunal granted summary judgment as to Count I of the formal complaint. The Tribunal made a finding as to Attorney Stewart’s violation of Rules 1.2(a), 1.3, 1.4, 1.16(d), 8.1(b), 8.4(a), and 8.4(d) of the Mississippi Rules of Professional Conduct. The Tribunal suspended Attorney Stewart from the practice of law for ninety days. Attorney Stewart appealed to this Court. The majority rejects the Tribunal’s findings and conclusion and imposes a one-year suspension.
¶ 38. “The Supreme Court of Mississippi has exclusive and inherent jurisdiction in bar disciplinary matters.” Mississippi Bar v. Pels, 708 So.2d 1372, 1373 (Miss. 1998). See also R. Discipline Miss. State Bar 1(a). In performing its duties and rendering its findings, the Tribunal employs the “clear and convincing” standard of evidence. Levi v. Miss. State Bar, 436 So.2d 781, 784 (Miss.1983). Likewise, the Bar bears the burden of demonstrating by clear and convincing evidence that an attorney’s actions constituted misconduct. Attorney W.L. v. The Miss. Bar, 621 So.2d 235, 237 (Miss.1993).
¶ 39. This Court must decide each disciplinary case on its own unique merits. Fougerousse v. Mississippi State Bar Ass’n, 563 So.2d 1363, 1366 (Miss.1990). “On appeal, this Court, ‘shall review the entire record and the findings and conclusions of the Tribunal,, and shall render such orders as the Court may find appropriate.’ ” Mississippi Bar v. Sweeney, 849 So.2d 884, 887 (Miss.2003) (quoting Foote v. Miss. State Bar Ass’n, 517 So.2d 561, 564 (Miss.1987)).
¶ 40. As a general rule, this Court gives deference to the findings of the Tribunal in reviewing an attorney’s alleged misconduct in disciplinary matters. See Parrish v. The Miss. Bar, 691 So.2d 904, 906 (Miss. 1996). However, while deference may be afforded to the Tribunal’s findings, this Court employs as the trier of facts in disciplinary matters a de novo review, on a case-by-case basis, of the evidence in the record. Mississippi Bar v. Shelton, 855 So.2d 444, 445 (Miss.2003) (citing Pels, 708 So.2d at 1373); Hoffman v. Miss. State Bar Ass’n, 508 So.2d 1120, 1124 (Miss. 1987); see also R. Discipline Miss. State Bar 9.4. Therefore, we are not bound to impose the sanctions or accept the findings determined by the Tribunal. See Shelton, 855 So.2d at 445; Hoffman, 508 So.2d at 1124.
¶ 41. Suspension from the practice of law for ninety days is a serious punishment given the resulting loss of income. However, Attorney Stewart’s argument that the ninety-day suspension is too financially harsh is not well-taken, especially in light of the allegations and the prior disciplinary history. I find that the Tribunal’s findings and conclusion are well-developed and appropriate. Accordingly, while I concur with the majority that Attorney Stewart should be disciplined, I dissent with the one-year suspension imposed by the majority, finding instead that a ninety-day suspension is sufficient based on the record.
DIAZ, P.J., AND GRAVES, J., JOIN THIS OPINION.

. The Bar on a ore terms motion sought the dismissal of its Rule 37(d) motion since the discovery was answered, and it sought the dismissal of the allegations in Count 2, except as to M.R.P.C. 8.1(b). The Bar informed the Tribunal that it appeared that Attorney Stewart had provided the representation to James for which he was hired. The Tribunal grant *16 ed the ore tenus motion. The allegations by James in the formal complaint were dismissed.