ORDER OF DISBARMENT

¶ 1. This matter is before the Court en banc on the Formal Complaint filed by the *934 Mississippi Bar pursuant to Rule 6 of the Rule of Discipline for the Mississippi State Bar (MRD) seeking the disbarment of Timothy L. Balducci, who tendered a plea agreement in the United States District Court for the Northern District of Mississippi to one count of conspiracy to commit bribery of an elected state official in violation of Title 18, United States Code Section 371. Since we conclude that all the procedural prerequisites have been met, we order disbarment.
I.
¶ 2. On December 5, 2007, the Supreme Court received a letter from Balducci requesting the formal surrender of his license to practice law. On December 18, 2007, the Mississippi Bar filed a formal complaint against Balducci. The Bar requested that Balducci be disbarred from the practice of law based on his tender of a guilty plea in the United States District Court for the Northern District of Mississippi. Subsequent to the formal complaint, Balducci filed his Notice of Irrevocable Resignation on January 10, 2008, effectively offering his irrevocable resignation from the Mississippi Bar pursuant to MRD 10.5. In the Notice, Balducci stated:
I acknowledge that at the present time, disciplinary matter Docket No. 2007-BD-2241 is pending before the Supreme Court of Mississippi and disciplinary matter Docket No. 07-213-1 is pending before the Committee on Professional Responsibility of The Mississippi Bar. These are the only disciplinary matters pending against me. I do not desire to defend either matter. I hereby request permission to irrevocably resign with prejudice from the Mississippi Bar in accordance with Rule 10.5, MRD.
(Emphasis added). Thereafter, the Bar filed a motion with this Court to accept the irrevocable resignation and terminate all disciplinary proceedings pursuant to Rule 10, MRD, on January 11, 2008.
¶ 3. In its motion, the Bar stated that the Notice of Irrevocable Resignation acknowledged two outstanding disciplinary matters: (1) the above referenced cause, No.2007-BD-2241, presently pending before the Mississippi Supreme Court; and (2) Docket No. 07-213-1, pending before the Committee on Professional Responsibility. In addition, Balducci stated that he did not want to defend either matter. Pursuant to MRD 10.5, the Bar acknowledged that all disciplinary proceedings against an attorney shall terminate on the tender of an irrevocable resignation. Further, the Bar stated that Balducci’s tender of an irrevocable resignation supercedes its earlier request in this cause to disbar Balducci. Therefore, the Bar requests that this Court accept Balducci’s irrevocable resignation and enter an order revoking his license to practice law and forever barring Balducci’s right to seek reinstatement. In addition, the Bar requests that this Court order the termination of all outstanding disciplinary proceedings against Balducci, including this cause and Docket No. 07-213-1 pending before the Committee on Professional Responsibility, and all other relief that this Court deems just and proper. This Court finds that Balducci has waived service of process in this matter.
II.
¶ 4. “The Supreme Court of Mississippi has exclusive and inherent jurisdiction in bar disciplinary matters.” The Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998). See also R. Discipline Miss. State Bar 1(a). This Court conducts a de novo review of matters involving attorney discipline. Miss. Bar v. Shelton, 855 So.2d 444, 445 (Miss.2003) (citing Pels, 708 So.2d *935 at 1373). See also R. Discipline Miss. State Bar 9.4. Each disciplinary case is decided on its own unique merits. Fougerousse v. Miss. State Bar Ass’n, 563 So.2d 1363, 1366 (Miss.1990). “The burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney’s actions constitute professional misconduct.” Shelton, 855 So.2d at 445 (quoting Pels, 708 So.2d at 1373).
¶ 5. The Bar has met its burden in this matter. Balducci signed a plea agreement in which he agreed and consented to the terms of the plea. This plea was filed in the United States District Court for the Northern District of Mississippi. The agreement states that Balducci agrees to plead guilty under oath to count one of the indictment, which charges conspiracy to commit bribery of an elected state official in violation of Title 18, United States Code Section 371. The agreement also states that “The defendant’s agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty of the charges.”
¶ 6. Furthermore, Balducci filed a Notice of Irrevocable Resignation with this Court, therefore, the Bar is entitled to the relief it seeks. Balducci also expressed his desire not to defend either pending disciplinary matter against him. Rule 10.5 states:
An attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.
¶ 7. Based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our case law, this Court enters an order disbarring Timothy L. Balducci.
¶ 8. IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. Timothy L. Balducci is hereby permanently DISBARRED from the practice of law in the State of Mississippi.
2. This order shall constitute notice of disbarment in this cause.
3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Timothy L. Balducci and to the Executive Director of the Mississippi Bar.
4. Timothy L. Balducci shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi State Bar.
5. Timothy L. Balducci shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has complied fully with all the requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi State Bar.
*936 6. The Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Union County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.
7. The Clerk of the Mississippi Supreme Court shall likewise immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern District of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
8. All outstanding disciplinary proceedings against Balducci, including this cause, No.2007-BD-2241, presently pending before the Mississippi Supreme Court, and Docket No. 07-213-1 pending before the Committee on Professional Responsibility are hereby terminated.
9. Costs of these proceeding are hereby assessed against Timothy L. Balducci.
SO ORDERED.
/s/ Chuck Easley
CHUCK EASLEY, JUSTICE FOR THE COURT