ORDER OF DISBARMENT
 

 GEORGE C. CARLSON, JR., Presiding Justice,
 

 for the Court.
 

 ¶ 1. This matter is before the Court en banc on the “Petition of the Mississippi Bar to Accept Irrevocable Resignation Pursuant to Rule 10, MRD.” In this Petition filed in accordance with Rule 10.5 of the Rules of Discipline for the Mississippi Bar, the Mississippi Bar (Bar), requests this Court to accept the irrevocable resignation of Dwayne G. Deer, who executed a Notice of Irrevocable Resignation pursuant to Mississippi Rule of Discipline 10.5 on October 30, 2008, and to enter an order of disbarment. Since we conclude that all the procedural prerequisites have been
 
 *654
 
 met, we order that Dwayne G. Deer be disbarred.
 

 I.
 

 ¶ 2. On May 15, 2008, an informal complaint was filed with the Mississippi Bar by Adam B. Kilgore, General Counsel for the Bar, and in this complaint, the Bar’s general counsel asserted that Deer may have violated Rules 1.15, 8.1(b), and 8.4(a),(c),(d) of the Mississippi Rules of Professional Conduct (MRPC). In support of this complaint, the Bar’s general counsel attached a Memorandum Opinion Granting Complaint to Determine Dischargeability of Debt issued by the Honorable Neil P. Olack, Judge of the United States Bankruptcy Court for the Southern District of Mississippi.
 

 ¶ 3. The Memorandum Opinion was issued following an evidentiary hearing on an Adversary Complaint filed against Deer by Shelby Gardner. Judge Olack made a finding that Deer had misled the Mississippi Bar in response to a prior complaint filed with the Bar by Gardner. In this complaint, Gardner, a California resident, alleged,
 
 inter alia,
 
 that Deer had misappropriated funds from his (Deer’s) escrow account. Judge Olack found that Gardner had made three separate deposits via wire transfer into Deer’s escrow account for the purchase of an apartment complex in Mississippi owned by Deer’s longtime associate and client, Todd Phillips, and that Deer had improperly disbursed a total of $565,000, which was Gardner’s money, without proper instructions and prior to Gardner receiving a warranty deed for the property. In referring to Deer’s response to Gardner’s complaint filed with the Bar, Judge Olack noted that Deer alleged,
 
 inter alia,
 
 that he did not know Gardner; that Gardner had never retained him or requested that he perform legal services for him; and that he (Deer) had informed an attorney making inquiries on behalf of Gardner that he (Deer) “was not holding any money for [Gardner] and had no idea that I was supposed to be holding any such money and further that I did not know [Gardner].”
 

 ¶ 4. The bankruptcy court found that Deer had breached his fiduciary duty as an escrow agent by wiring Gardner’s money to Todd Phillips Investments before any warranty deed had been prepared and delivered to Gardner. The bankruptcy court further found that even if Deer had not been acting as an escrow agent and Gardner was not his client, Mississippi Rule of Professional Conduct 1.15 imposed a fiduciary duty for the safekeeping of any third party’s property. Moreover, the bankruptcy court found that Deer knew about the wired funds in his trust account, made no attempt to communicate with Phillips about the use of the trust account, did not request any information from either Gardner or Phillips regarding the real-estate transaction, and disbursed $565,000 to Phillips based on oral instructions from Phillips’s secretary without requesting any verification or documentation as to the real-estate purchase.
 

 ¶ 5. As a result of the aforementioned complaint filed by the Bar, Deer executed a Notice of Irrevocable Resignation on October 30, 2008, which he delivered to the Bar on November 18, 2008, effectively resigning from the practice of law in the State of Mississippi pursuant to Rule 10.5. In this Notice, Deer acknowledged that these disciplinary proceedings were pending before this Court; that no other disciplinary proceedings against him were pending; that he did not desire to defend this matter; and that he offered his irrevocable resignation from the Bar. Moreover, in this Notice, Deer stated, “I hereby request permission to irrevocably resign with prejudice from the Mississippi Bar in
 
 *655
 
 accordance with Rule 10.5, MRD.” Based on the filing of this Notice of Irrevocable Resignation, the Bar, on November 18, 2008, filed this current petition requesting this Court to accept Deer’s Irrevocable Resignation.
 

 II.
 

 ¶ 6. “[T]his Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar.”
 
 Miss. Bar v. Langston,
 
 987 So.2d 936, 937 (Miss.2008) quoting
 
 Miss. Bar v. Shelton,
 
 855 So.2d 444, 445 (Miss.2003) (citing M.R.D. 1(a)). “We conduct a de novo review in cases involving the discipline of attorneys.”
 
 Id.
 
 (quoting
 
 Shelton,
 
 855 So.2d at 445);
 
 Miss. Bar v. Pels,
 
 708 So.2d 1372, 1374 (Miss.1998). “The burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney’s actions constitute professional misconduct.”
 
 Id.
 
 (citing
 
 Shelton,
 
 855 So.2d at 445).
 

 ¶ 7. The Bar has met its burden in this matter. Deer has filed his Notice of Irrevocable Resignation; the Bar is entitled to the relief it seeks. Mississippi Rule of Discipline 10(b) states: “Irrevocable resignations may be tendered to the Court or Complaint Tribunal at any time after Complaint Counsel’s receipt of a complaint.” Mississippi Rule of Discipline 10.5 states:
 

 An attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.
 

 Accordingly, based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our case-law, this Court enters an order disbarring Dwayne G. Deer.
 

 ¶ 8. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Dwayne G. Deer is hereby permanently DISBARRED from the practice of law in the state of Mississippi;
 

 2. This order shall constitute notice of permanent disbarment in this cause;
 

 3. The Clerk of this Court shall forward an attested copy of this order to Dwayne G. Deer and the Executive Director of the Mississippi Bar;
 

 4. Dwayne G. Deer shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Mississippi Rule of Discipline 11;
 

 5. Dwayne G. Deer shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has complied fully with all the requirements set forth in Mississippi Rule of Discipline 11;
 

 
 *656
 
 6. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Pike County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court;
 

 7. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States;
 

 8. All outstanding disciplinary proceedings against Dwayne G. Deer, including Cause No.2008-BD-01883 (which is Docket No. 07-475-2, pending before the Committee on Professional Responsibility) are hereby terminated; and
 

 9. Costs of these proceedings are hereby assessed against Dwayne G. Deer.
 

 ¶ 9. SO ORDERED, ADJUDGED, and DECREED this 26th day of March, 2009.
 

 WALLER, C.J., GRAVES, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHEN, CHANDLER AND PIERCE, JJ., CONCUR.