*267
 

 ORDER OF DISBARMENT
 

 JESS H. DICKINSON, Justice.
 

 ¶ 1. This matter is before the Court en banc on the “Petition of the Mississippi Bar to Accept Irrevocable Resignation Pursuant to Rule 10, MRD.” In its Petition, the Mississippi Bar (the “Bar”) requests that this Court accept the irrevocable resignation of Edward J. Peters, who previously executed a Notice of Irrevocable Resignation pursuant to Mississippi Rule of Discipline 10.5, and to enter an order of disbarment. Because we conclude that all procedural prerequisites have been met, we order that Edward J. Peters be disbarred.
 

 I.
 

 ¶ 2. Edward J. Peters executed a Notice of Irrevocable Resignation on December 22, 2008, which he delivered to the Mississippi Bar on or about December 29, 2008. In the Notice, Peters attested that an outstanding disciplinary matter (Docket No. 07-456-2) was currently pending before the Committee on Professional Responsibility; that no other disciplinary proceedings were pending against him; and that he did not desire to defend the matter. Peters requested that he be allowed to irrevocably resign, with prejudice, from the Mississippi Bar. The Bar filed the current petition, requesting that this Court accept Peters’s irrevocable resignation. Peters subsequently filed a waiver of process and entered an appearance in the matter.
 

 II.
 

 ¶ 3. “[T]his Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar.”
 
 Miss. Bar v. Langston,
 
 987 So.2d 936, 937 (Miss.2008) (quoting Miss.
 
 Bar v. Shelton,
 
 855 So.2d 444, 445 (Miss.2003) (citing M.R.D. 1(a)). “We conduct a de novo review in cases involving the discipline of attorneys.”
 
 Langston,
 
 987 So.2d at 937 quoting
 
 Shelton,
 
 855 So.2d at 445);
 
 Miss. Bar v. Pels,
 
 708 So.2d 1372 1374 (Miss.1998).
 

 ¶ 4. Mississippi Rule of Discipline 10.5 states:
 

 An attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.
 

 ¶ 5. After due consideration, we find that Edward J. Peters has properly filed his Notice of Irrevocable Resignation in accordance with Mississippi Rule of Discipline 10.5, and the Bar is entitled to the relief it seeks. Accordingly, based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our
 
 *268
 
 caselaw, this Court hereby enters this order disbarring Edward J. Peters.
 

 ¶ 6. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Edward J. Peters is hereby permanently DISBARRED from the practice of law in the State of Mississippi;
 

 2. This order shall constitute notice of permanent disbarment in this cause;
 

 3. The Clerk of this Court shall forward an attested copy of this order to Edward J. Peters and the Executive Director of the Mississippi Bar;
 

 4. Edward J. Peters shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Mississippi Rule of Discipline 11;
 

 5. Edward J. Peters shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi, and that he has complied fully with all the requirements set forth in Mississippi Rule of Discipline 11;
 

 6. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Hinds County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court;
 

 7. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States;
 

 8. All outstanding disciplinary proceedings against Edward J. Peters, including Cause No. 2009-BD-0005 (which is Docket No. 07-456-2, pending before the Committee on Professional Responsibility), are hereby terminated; and
 

 9. Costs of these proceedings are hereby assessed against Edward J. Peters.
 

 ¶ 7. SO ORDERED, ADJUDGED, AND DECREED.
 

 ALL JUSTICES CONCUR.