LAMAR, Justice,
for the Court:
¶ 1. Greg Pierce pleaded guilty and was convicted of felony possession of a controlled substance' in 2006. The Mississippi Bar has filed a complaint with the Court requesting disbarment of Pierce based on his conviction. Pierce does not present a defense against disbarment, but instead, asserts that he resigned from the Bar in June 2006, and argues that he should not be taxed with the costs of this action. We disagree and find that Pierce must pay costs under Rule 27 of the Mississippi Rules of Discipline (“MRD”).
FACTS
¶ 2. Greg Pierce pleaded guilty to and was sentenced for felony possession of a controlled substance in October 2006. In response to this conviction, the Mississippi' Bar has belatedly submitted a formal complaint against Pierce, requesting disbarment under MRD 6.
¶ 3. Pierce does not dispute his conviction. Rather, Pierce contends that he should not be responsible for costs associated with this litigation, since he resigned *23 in 2006. The Bar confirms that, upon Pierce’s request, it allowed him voluntarily to resign. It is undisputed that Pierce has not been an active member of the Mississippi Bar since 2006.
DISCUSSION
¶ 4. Jurisdiction in bar disciplinary matters is given exclusively to the Mississippi Supreme Court.[1] The standard of review for bar disciplinary matters is de novo.[2] The Mississippi Bar has the burden to show by clear and convincing evidence that there was misconduct on the part of the attorney.[3] In this case, Pierce’s felony conviction is undisputed. The Bar presented the Court with a certified copy of the judgment of conviction accepting Pierce’s guilty plea. Under Rule 6(a), the certified copy of the judgment of conviction “shall be conclusive evidence thereof’ and “[t]he Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.”[4] And under Rule 6(d), “[w]hen time for appeal from judgment or conviction ... expires or all appeals have been concluded without reversal ... the Court shall forthwith enter an order of disbarment.”[5] Therefore, the Bar has met its burden to show that Pierce should be disbarred immediately.
¶ 5. The only issue is whether Pierce should pay costs associated with this action when he already has “resigned” from the Bar. Pierce’s resignation, dated May 30, 2006, simply states that, “Effective Immediately, I request and wish to RESIGN my Mississippi Bar membership. Please effectuate my resignation immediately upon receipt of this letter. Please send to the address above correspondence confirming that I am no longer a member of the Mississippi Bar.” Notably, this letter was sent prior to his conviction and does not acknowledge any pending criminal proceedings.
¶ 6. The only resignation from the Bar that is addressed by our rules is embodied in Rule 10.5, which allows for an irrevocable resignation during the pendency of disciplinary actions.[6] Absent an irrevocable resignation or an order of disbarment, the Bar is concerned that Pierce could resume practicing law by paying past dues and a penalty. We have found only one case in which this Court has granted an attorney’s petition for reinstatement after he had “resigned” from the Bar.[7] Clearly, that case recognized that reinstatement to the Bar *24 under circumstances such as this would require this Court’s approval.
¶7. Nonetheless, we find the Bar’s action in this case to be both necessary and appropriate. Pierce was a member of the Bar when he committed this felony offense, and he was subject to the discipline of this Court. Pierce failed to discharge his affirmative duty to notify the Bar or this Court of the felony charge or conviction.[8] Subsequently, upon learning of Pierce’s conviction, the Bar had an obligation to investigate and submit its findings to this Court, which has exclusive jurisdiction in Bar discipline matters. Further, there is no evidence that Pierce complied -with Rule 11(c), which requires an attorney to give notice to clients and our trial courts upon disbarment, suspension, or resignation.[9] Therefore, we find this disciplinary action to be appropriate and necessary and order that Pierce is disbarred from the practice of law and assessed the costs incurred in the investigation of this matter under MRD 27(a).[10]
¶ 8. GREG PIERCE IS DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI AND ASSESSED COSTS OF THIS PROCEEDING.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, KITCHENS AND PIERCE, JJ., CONCUR. DICKINSON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J.

. Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998).

. Miss. Bar v. Shelton, 855 So.2d 444, 445 (Miss.2003).

. Pels, 708 So.2d at 1373.

. MRD 6(a).

. MRD 6(d).

. MRD 10.5 provides that:
An attorney may tender an irrevocable resignation to either the Court or the Tribunal. Such a resignation shall acknowledge each and all disciplinary matters then pending, provide the docket number or numbers, state that the attorney does not desire to defend, and request permission to resign with prejudice from the Bar. Upon receipt of such a resignation, and any response that the Bar may elect to file, the disciplinary proceedings shall terminate and either the Court or the Tribunal shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney's right to seek reinstatement to the privilege of practicing law in this state. Such a resignation and order shall be considered disciplinary action, and the resignation shall be considered tantamount to the proof of guilt on the matter charged.

. In re Reinstatement of Cosnahan, 890 So.2d 874, 875 (Miss.2004).

. See MRD 4(b).

. MRD 11(c).

. "A tribunal or the Court may assess costs incurred in the investigation, prosecution and defense of any disciplinary matter as justice may require. Such costs and expenses shall include the actual and reasonably necessary expenses of the Bar, excluding Complaint Counsel's time.” MRD 27(a).