DICKINSON, Presiding Justice,
for the Court:
¶ 1. The Mississippi Bar filed a Formal Complaint seeking to disbar Jimmie Collins due to a 1989 felony conviction. But, because disbarring an attorney approximately twenty-four years after his conviction and thirteen years after the Mississippi Bar restored him from inactive to active status, fails to serve the purposes of the Rules of Discipline, we deny the Bar’s request for disbarment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 27, 2012, the Mississippi Bar filed a Formal Complaint seeking the disbarment of Jimmie L. Collins pursuant to Rule 6 of the Rules of Discipline for the Mississippi State Bar. The Bar alleges that Collins, on or about July 20, 1989, was convicted of aggravated assault in the District Court of Fulton County, Georgia. A certified copy of the conviction and the indictment were attached to the Formal Complaint. The Bar also requested that Collins be taxed with all costs and expenses, pursuant to Rule 27(a).
¶ 3. Collins was served with the Complaint and Summons on February 5, 2013, and was ordered to respond within thirty days. He filed his answer and motion to dismiss on February 26, 2013, in which he admitted that he had been guilty of the crime, but denied that he should be disbarred from the practice of law. He argues that the Complaint should be dismissed because it “fails to state a cause for which relief can be granted.” And, according to Collins, at the time of the conviction, his Mississippi Bar license was on inactive status.[1]
*1041 ¶ 4. Collins states that, when he applied for reinstatement, he never concealed or misrepresented the truth about this felony conviction, and that, in his application for reinstatement to the practice of law, he answered all questions truthfully and was placed back on active status in 2000. Collins currently serves as the chair of the Senior Lawyers Section of the Mississippi Bar Association.
LAW AND ANALYSIS
¶ 5. This Court holds exclusive jurisdiction over bar disciplinary matters.[2] “We conduct a de novo review in cases involving the discipline of attorneys.”[3] The Bar has the burden of proving an attorney’s misconduct by clear and convincing evidence.[4]
¶ 6. Rule 6 of the Rules of Discipline for the Mississippi Bar provides for disbarment when “any attorney subject to the disciplinary jurisdiction of the Court” is “convicted in any court of any state or in any federal court ... of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation ....”[5] Collins admitted that he was convicted for aggravated assault in 1989. Further, the Bar presented the Court with a certified copy of this conviction. Under Rule 6(a), the certified copy of the conviction “shall be deemed conclusive evidence thereof’ and the “Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.”[6]
¶ 7. Once the Bar shows that the time for appeal has expired or that all appeals were exhausted without reversal, Rule 6(d) requires automatic disbarment.[7] Collins also admitted that the time for appeal has passed without a resolution in his favor. However, for reasons discussed below, we decline to disbar Collins for this offense.
¶ 8. This Court “is the ultimate judge of matters arising under the Rules of Discipline for the Mississippi Bar.”[8] In Broome v. Mississippi Bar, this Court’s order suspending Broome for thirty days provided for automatic reinstatement.[9] At that time, Rule 12(a) allowed for reinstatement of an attorney suspended from the practice of law only upon petition. We held, however, that providing for automatic reinstatement, in contravention of Rule 12, was “within the scope of this Court’s exclusive and inherent jurisdiction of attorney discipline matters” and we ordered accordingly.[10]
¶ 9. The purpose of attorney discipline “is not to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar *1042 conduct.”[11] The application and enforcement of this rule — under the facts and circumstances of this particular case — does little to protect the integrity of the legal profession, nor would it have a deterrent effect.
¶ 10. This conviction is twenty-four years old. As a convicted felon, Collins has been allowed to hold a Mississippi bar license, to actively practice law in Mississippi for the past thirteen years, and even to hold office within the Mississippi Bar Association. The Bar does not allege that Collins has violated any other rule or committed any other infraction of any kind during the past twenty-four years.
¶ 11. The Bar also presents us with no evidence that, when it reinstated Collins to the active practice of law, he misrepresented any fact or failed to answer any question truthfully. To disbar Collins now, after the passage of more than a decade since his reinstatement, and where he has had substantial time to mature[12] and establish himself in this profession,[13] would be a harsh and unjust result for conduct which occurred so long ago, and which the Bar had an opportunity to discover before returning him to active practice in 2000.
¶ 12. Had the Bar successfully sought Collins’s disbarment thirteen years ago, he certainly could have pursued — and based upon his record, likely would have been granted — reinstatement long ago. As a senior member of the Bar, disbarment now would certainly prejudice him.
¶ 13. Accordingly, we find that this matter is “within the scope of this Court’s exclusive and inherent jurisdiction of attorney discipline matters.” And as “the ultimate judge of matters arising under these rules,”[14] we decline to punish Collins for conduct that occurred almost two-and-a-half decades ago.
CONCLUSION
¶ 14. To disbar Collins under the facts and circumstances of this particular case would be a harsh and ineffective sanction which fails to further the purposes of the Rules. Therefore, we deny the Bar’s request for Collins’s disbarment and assessment of costs.
¶ 15. THE MISSISSIPPI BAR’S REQUEST FOR THE DISBARMENT OF JIMMIE L. COLLINS FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI, DENIED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. An "inactive member” is a "member, in good standing, who is not engaged in the practice of law in this state.” Miss.Code Ann. § 73-3-120(b) (Rev.2012). An "active member" is “any person admitted to practice law in this state and who is engaged in the prac *1041 tice of law in this state.” Miss.Code Ann. § 73-3-120(a) (Rev.2012).

. Mississippi Bar v. Shelton, 855 So.2d 444, 445 (Miss.2003).

. Id.

. Id. (citations omitted).

. Miss. R. Discipline 6(a).

. Id.

. "When time for appeal from ... conviction ... expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.” Miss. R. Discipline 6(d).

. Broome v. Miss. Bar, 603 So.2d 349, 354 (Miss.1992) (citing Miss.Code Ann. § 73-3-303 (Supp.1991); Miss. R. Discipline 1(a)).

. Broome, 603 So.2d at 350.

. Id. at 354.

. Miss. State Bar v. A Miss. Attorney, 489 So.2d 1081, 1084 (Miss.1986).

. Although it is unclear that Collins was intoxicated when he committed this crime, he submits that he has abstained from the use of alcohol since 1995 and "does not cohort with ... persons of unsavory character with the propensity to place one in an uncompromising[sic] situation.”

. Collins operates his own law firm in Cleveland, Mississippi.

. Miss. R. Discipline 1(a).